THE EXCHANGE BANK OF ELDORADO v. C. W. GULICK.

1. CERTIFICATE OF DEPOSIT, *When Subject to Garnishment.* A certificate of deposit payable on demand to order is, after presentment and refusal of payment, pastdue and non-negotiable paper, and the debt evidenced thereby, the subject of garnishment.

2. GARNISHEE, *Action Against.* In garnishee proceedings the plaintiff gave no notice that the answer was unsatisfactory, but obtained an order for the payment of money, and sued upon that order. Dismissing that action without prejudice, he commenced another, alleging that the answer was unsatisfactory in certain respects, naming them, and praying judgment against the garnishee. *Held,* That neither the omission to give notice, nor the commencement of an action upon that order, is any bar to the present action.

*Error from Butler District Court.*

ACTION brought by *Gulick* against the *Exchange Bank* of Eldorado, as garnishee, to recover $180, with interest from

July 16, 1878, at the rate of 7 per cent. per annum. The nature of the action, and the facts, appear in the opinion. Trial at the March Term, 1880, of the district court, and judgment for the plaintiff. The defendant brings the case to this court.

*Cyrus A. Leland,* and *A. L. L. Hamilton,* for plaintiff in error.

*T. O. Shinn,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The defendant in error, plaintiff below, recovered a judgment before a justice of the peace for $195.46, against one Wm. Dunworth, and caused garnishee process to issue to plaintiff in error, which answered by S. L. Shotwell, its cashier, denying any indebtedness to said judgment-debtor Dunworth, but admitting having issued to him a certificate of deposit, in words and figures as follows, to wit:

"$460.                    ELDORADO, KAS., 5th June, 1878.

"John R. Morrison has deposited in the Exchange Bank of Eldorado four hundred and sixty dollars, payable to the order of Wm. Dunworth in current funds, on the return of this certificate properly indorsed.

"No. 71.                    S. L. SHOTWELL, *Cashier.*"

Certain payments were indorsed upon this paper, but a balance still remained due. In an action brought against the bank as garnishee, it appeared that after the garnishment, Dunworth presented the paper for payment, which was refused, and that shortly thereafter one David Lower presented the paper duly indorsed by Wm. Dunworth, and then the bank paid it.

We think the judgment of the district court unquestionably correct. The paper, whether negotiable or not in the first instance by the law of the state or the custom of the country, was presented by the payee and holder after the garnishment, and payment was refused. It was then, if never before, past-due and non-negotiable paper. As such, the debt

evidenced thereby was subject to garnishment, and the garnishee process bound the bank.

It is further claimed that because the plaintiff did not give notice that the answer of the garnishee was unsatisfactory, but obtained upon it an order for the payment of money, and brought suit upon that order (which, however, was dismissed before the commencement of this action), that he is estopped from now suing and alleging that the answer is not full, true and satisfactory. We do not so understand the statute. While a party may give notice that the garnishee's answer is unsatisfactory, and have a trial thereof at once before the justice, we consider that remedy as simply cumulative. He may proceed in that way, or by action. Failure to give notice is no waiver of objection to the answer. The truth of the answer is the substance of the matter, and the manner of ascertaining the truth is optional with the plaintiff. Until a final decision in either proceeding, he may abandon one and substitute another.

These are the only questions of importance in the case, and in them appearing no error, the judgment will be affirmed.

All the Justices concurring.