No. 26,827.

C. A. Munz, *Appellant*, v. Lyman S. Hill et al., *Appellees*.

SYLLABUS BY THE COURT.

Garnishment — *Executor or Administrator — When Subject to Garnishment.*
The rule is followed that an executor or administrator is not subject to
garnishment before a final order for the distribution of the estate is made.

Appeal from Leavenworth district court; James H. Wendorff, judge. Opin-
ion filed October 9, 1926. Affirmed.

*Paul H. Ditzen,* of Kansas City, and *Benjamin F. Endres,* of Leavenworth,
for the appellant.

*James B. Kelsey* and *Eph Voorhees,* both of Leavenworth, for the appellees.

The opinion of the court was delivered by

Mason, J.: C. A. Munz obtained a money judgment against Anna
L. Hill. He caused a garnishment summons to be served upon Fred
W. Orlowski, the executor of the estate of Louise Orlowski, the
mother of the judgment defendant. The garnishee filed an answer,
in effect stating that he was the executor of such estate; that the
defendant was one of the heirs; that the estate was in the hands of
the probate judge awaiting an order of distribution, and was not
subject to garnishment.

The plaintiff filed a motion to strike the answer of the garnishee
from the files because it was not true and correct, did not state the
amount of the estate to which the defendant was entitled, and con-
sisted merely of a conclusion of law. The motion was denied,
and from that ruling this appeal is taken.

The contentions of the parties are in some respects rather tech-
nical, being based on mere matters of procedure. The plaintiff con-
tends that the answer of the garnishee does not comply strictly and
fully with the requirements of the statute. The garnishee asserts
that the motion to strike was not proper practice and that the plain-
tiff has no standing to question the sufficiency of the answer because
four months elapsed after it was made before the plaintiff filed his
motion, while the statute provides that a garnishee's answer shall
be conclusive of the truth of the facts therein stated unless the plain-

tiff shall within twenty days serve notice that he takes issue upon it.   (R. S. 60-948.)

The answer of the garnishee, while somewhat informal, sufficiently presented an issue.   It denied having any property, money or credit of the defendant, except as explained with respect to the estate of which he was the executor.   The failure to challenge its correctness or sufficiency within twenty days seems fatal to the plaintiff's case.

However, we prefer to base the decision upon the question of substantive law involved—whether the share of the estate to which the defendant was ultimately entitled was subject to garnishment.   The garnishee relies upon *Nelson v. Stull,* 65 Kan. 585, 68 Pac. 617, 70 Pac. 590, holding that an executor or administrator is not subject to garnishment before a final order for the distribution of the estate is made.   The plaintiff relies upon the later case of *Sherman v. Havens,* 94 Kan. 654, 146 Pac. 1030, as qualifying the earlier ruling, and authorizing a garnishment under such facts as are presented here.   Whatever question there might otherwise be as to a conflict between the two cases cited is set at rest by a still later decision. In *McCarthy Hardware Co. v. Foust,* 118 Kan. 431, 235 Pac. 867, the Nelson-Stull case is approved and the Sherman-Havens case is explained in these words:

"The hardware company cites the case of *Sherman v. Havens,* 94 Kan. 654, 146 Pac. 1030, in which it was held that, when the reason for the rule applied in *Nelson v. Stull* fails, the rule itself fails.   In *Sherman v. Havens,* the executor was not simply an executor.   He was testamentary trustee of a spendthrift trust, requiring payment to the beneficiary of $250 quarterly in advance from death of the testator to death of the beneficiary.   The court held that no order for these payments was necessary, and since the testator had not indicated that the payments were to be enjoyed free from claims of creditors, the executor-trustee was subject to garnishment.   While in this instance it is likely that upon a hearing an order granting partial distribution would have been granted, nevertheless such an order was indispensable to liability of the administrator to garnishment."   (p. 432.)

There having been in the present case no order of distribution, and no provision of a will directing payments to be made by the executor as a trustee without an order of the probate court, the executor was not subject to garnishment and the plaintiff was properly denied relief.

The judgment is affirmed.