No. 29,692.

THE FIRST STATE BANK OF GREELEY COUNTY, *Appellant*, v. H. F. LOWDER and M. D. KUTTLER, *Appellees*.

(294 Pac. 852.)

Opinion filed January 10, 1931.

*J. Graham Campbell*, of Wichita, and *W. M. Glenn*, of Tribune, for the appellant.

*Martin F. Trued*, of Tribune, for the appellees.

The opinion of the court was delivered by

DAWSON, J.:   This appeal is concerned with a question of practice in garnishment proceedings incidental to an action to recover on a promissory note.

The action was begun in December, 1926, by the plaintiff bank against defendant Lowder, and a summons in garnishment was issued to M. D. Kuttler. He answered on January 20, 1927, which was within time, denying liability in the form prescribed by the statute, R. S. 60-945.

Plaintiff did not take issue on the truth of the garnishee's answer within twenty days, as it was bound to do to avoid the force of the statute which otherwise makes conclusive the facts stated in the garnishee's answer; but on March 15, 1927, when it was a month too late, plaintiff served on the garnishee a notice which read:

"To M. D. Kuttler, garnishee, or your attorney, Martin F. Trued:

"You are hereby notified that the plaintiff herein elects to take issue with you on your answer as garnishee, filed by you in this action, and that the plaintiff will undertake to maintain you to be liable as such garnishee, as being indebted to the defendant herein.    'W. M. GLENN, *Attorney for Plaintiff.*"

This notice was presented to the attorney for the garnishee, who indorsed it as follows:

"Consent is hereby given to file the foregoing notice of taking issue at any time prior to March 17, 1927, without objection on the part of the said garnishee.
                    "MARTIN F. TRUED, *Attorney for Garnishee.*"

Judgment was rendered in the action against Lowder, defendant in the main action, on March 14, 1927, and a motion to vacate that judgment was passed from term to term until February, 1930, when it was reaffirmed.  While the main case dragged along in this fashion, nothing was done about the belated attempt of plaintiff to take issue on the garnishee's answer, although the record does show, after disposition of other matters on April 22, 1927, an entry to this effect:

"  .  .  .  Thereupon the defendant and garnishee requests in open court that this hearing be continued."

A court order was made to that effect.

In March, 1930, plaintiff sought to call up for hearing the issue raised on the garnishee's answer.  The garnishee objected on the ground that he had not been notified within the time allowed by statute for plaintiff to take issue on the truth of the matters stated therein.  This objection was sustained.

Plaintiff appeals, relying on the terms of the recital signed by counsel for the garnishee in which he gave his consent to the filing of the notice at any time prior to March 17, 1927.  Plaintiff contends that the fair import of that recital is that counsel for the garnishee waived the statutory provision touching the conclusiveness of the facts stated in the answer, and that he consented that issue might be taken thereon notwithstanding notice was served a month too late.  The pertinent statute reads:

"The answer of the garnishee shall in all cases be conclusive of the truth of the facts therein stated, unless the plaintiff shall within twenty days serve upon the garnishee a notice in writing that he elects to take issue on his answer;
.  .  .  " (R. S. 60-948.)

Plaintiff cites the case of *Potter v. Banking Co.,* 59 Kan. 455, 462, 463, 53 Pac. 520, where the plaintiffs and garnishees entered into an

agreement indefinitely extending the time for the filing of the garnishee's answers and where the court made an order permitting an extension of time. We cannot see that the cited case has any bearing on the question of present concern—which is not whether the garnishee *could* consent that issue might be taken on his answer on notice served out of time, but whether the fair import of the recital relied on was in fact a waiver of his statutory right to have the facts stated in his answer considered as conclusive. The recital signified appellee's consent that the notice could be *filed* without objection as to time, not consent to waive any defect in the notice itself. Plaintiff's construction of the terms of the recital is not fairly justified nor implied from the language used. Nothing is more common than for lawyers to indorse their consent to the filing of papers prepared by other lawyers representing adverse parties. The significance of such consent is well understood. It merely means that the consenting attorney is willing to relieve opposing counsel of the trouble of applying to the court or presiding judge for leave to file the paper, but it does not indicate an intention to waive substantial rights of his client by such act of professional courtesy.

The judgment is affirmed.