No. 34,652

LILLIE PHELPS (Plaintiff), *Appellee,* v. CORA E. SCHMUCK, Administratrix of Estate of Joseph Schmuck, Deceased (Defendant), *Appellee,* NEW YORK CASUALTY COMPANY (Garnishee), *Appellant.*

(100 P. 2d 67)

Opinion filed March 9, 1940.

C. O. *Pingry* and *Carl Pingry*, both of Pittsburg, for the appellant.

*Sylvan Bruner, Pete J. Farabi*, both of Pittsburg, and *Louis N. Wolf*, of Joplin, Mo., for the appellee.

The opinion of the court was delivered by

THIELE, J.: The question presented by this appeal is the liability of an insurance company under proceedings in garnishment, and arises out of the following undisputed facts.

In November, 1933, the Highland Park Cemetery Association of Pittsburg, Kan., owned a Ford truck which was insured by the New York Casualty Company, hereafter usually called the garnishee, under a policy which provided, among other things, for additional coverage of any person operating the truck with the permission of the assured. It is not necessary here that we detail that additional coverage.

The cemetery association had in its employ Joseph Schmuck and it permitted him to use the truck for many of his own purposes. On November 10, 1933, Joseph Schmuck used the truck to move a piano to his son's house, one Neal Phelps being present and assisting. There was an accident and Phelps was killed. On February 5, 1935, Lillie Phelps, the widow, brought an action against Joseph Schmuck alleging her husband's death was due to Schmuck's negligence in operating the truck. As a result of a trial, on October 26, 1936, she recovered judgment for $4,000.

On March 9, 1937, she caused an execution to issue against Schmuck, and it was returned *nulla bona* on the same day.

On June 25, 1937, she filed a document entitled "Affidavit in

garnishment after judgment," in which allegations were made respecting rendition of the above judgment, issuance and return of the execution, and that she had good reason to and did believe the garnishee was indebted to Joseph Schmuck, and that her grounds for belief were that the garnishee had issued to the cemetery association its certain policy of liability insurance covering the "assured" and any "additional assured," being any person operating the truck with permission of the assured; that Schmuck was an employee of the cemetery association and was using the truck with its permission, and while so engaged Phelps was killed by the negligence of Schmuck, and that she had filed this action in which judgment was rendered in her favor; that Schmuck had performed all conditions of the policy, and the garnishee was liable to him in the sum of $4,000 and interest and the costs of suit; that demand had been made upon the garnishee and denied. The pleading concluded with a prayer for judgment for $4,000, interest, costs and attorneys' fees. A copy of the policy was attached to the above pleading. On the same day, June 25, 1937, a summons in garnishment, in the form prescribed by G. S. 1935, 60-943, fixing the answer day as August 14, 1937, and directed to the casualty company as garnishee, was issued, and was served upon it through the commissioner of insurance.

On August 13, 1937, the garnishee filed its verified answer, admitting its corporate existence and authority to do business in Kansas; that it had been served with the garnishee summons; that it had issued the policy of insurance, and, in the language prescribed in G. S. 1935, 60-945, it denied it had any property in its possession belonging to defendant Schmuck or was indebted to him.

Nothing further was done until June 8, 1938, when plaintiff filed another pleading identical with that filed June 25, 1937, except as to the date of signing and verifying the same. Another summons similar to that above mentioned was issued and served. In due time and on July 25, 1938, the garnishee answered, setting up the facts with reference to the filing of the first affidavit on June 25, 1937, the issuance and service of summons, and that it had filed its answer on August 13, 1937, and that within twenty days thereafter plaintiff did not serve upon the garnishee a notice in writing that she elected to take issue on the answer, etc., and that, as provided by G. S. 1935, 60-948, the answer became conclusive of the truth and of the facts stated, and thereafter plaintiff was barred and had no further

right to proceed against the garnishee by the affidavit filed June 8, 1938, etc.

On August 6, 1938, and within twenty days, plaintiff filed a reply denying generally the allegations of the garnishee's answer, and admitting the filing of the first affidavit in garnishment and issuance of summons, and the answer thereto, and alleging that no copy thereof was either delivered or mailed to plaintiff's counsel or the plaintiff, contrary to rule 44 of the supreme court, and because thereof plaintiff had no notice or knowledge of the filing of said answer. Plaintiff also alleged the first garnishment of June 25, 1937, was abandoned.

The defendant, Joseph Schmuck, died in February, 1939, and in May, 1939, the judgment against him was revived against his administratrix. At the trial the garnishee contended that the first affidavit in garnishment having been filed, an answer alleging no liability having been made, and the plaintiff having failed to file notice in writing that she elected to take issue, the answer was conclusive and the facts therein stated stood as true. The plaintiff contended that she was not so bound for three reasons. One was that, contrary to rule 44 of this court, the garnishee had not delivered or mailed to plaintiff or her counsel a copy of the answer filed. A second was that plaintiff had abandoned that particular garnishment proceeding and had commenced another, and that she was not bound by failure to take issue on the first answer of the garnishee. The third was that she was proceeding by an action under G. S. 1935, 60-3485, and that the provisions of the code for proceedings otherwise were not applicable. Evidence pertinent to the entire matter was presented and the trial court made findings of fact, which are summarized, viz., the first seven findings cover the employment of Schmuck by the cemetery association; the insurance on the truck; the use of the truck; the death of Phelps; the recovery of judgment by plaintiff against Schmuck; the revivor of the judgment; the issuance of the first garnishment, and the answer of the garnishee; also, that counsel for the garnishee mailed a copy of the answer to Mr. Sylvan Bruner, plaintiff's attorney; that Mr. Bruner did not receive the copy; and that plaintiff did not file in court or serve upon the garnishee or its counsel, within twenty days or at any time thereafter, notice on the garnishee's answer filed August 13, 1937, "but abandoned said garnishment proceedings, and on June 8, 1938, plaintiff instituted the garnishment proceedings on which trial was had." As a matter of law, the trial court concluded the answer of the gar-

nishee filed on August 13, 1937, was not a bar to recovery by the plaintiff; that Joseph Schmuck was within the provisions of the omnibus clause of the insurance policy issued by the garnishee, and that plaintiff was entitled to judgment against it for $4,000, interest and costs.

We shall first notice appellee's claim that she is not bound by the answer of August 13, 1937, because her counsel did not receive a copy of it. In essence her claim is that although the answer may have been filed, no copy was served upon her, or her counsel, nor did either receive a copy through the mail. Rule 44 of this court applicable to the district court requires that counsel filing a pleading subsequent to the petition "shall, on the day the same is filed, deliver or mail a copy thereof to counsel of record for all adverse parties." The trial court found the copy was mailed, but not received by plaintiff's counsel. The proof showed and the court found that on the day the garnishee filed its answer, counsel for the garnishee caused a copy of the answer and a letter of transmittal to be placed in an envelope bearing their return, addressed to Mr. Bruner at his proper office address in Pittsburg, and to be deposited in the United States mail, and that the letter of transmittal was not returned to the senders. It also found that Mr. Bruner did not get the letter. However, the proof showed that at the time the letter would have been received by him at his office, Mr. Bruner was away on a vacation in the western part of the United States. He left a young man in his office who forwarded his mail to him. Mr. Wolf, an attorney who assisted Mr. Bruner in some matters, was at the office on occasion, but he opened no mail. It is obvious that counsel for the garnishee were not remiss; they did all that the rule required. The plaintiff was not relieved of any burden imposed on her by the code of civil procedure simply because her counsel failed to receive the letter of transmittal. And it may be remarked that the plaintiff, having instituted the garnishment proceedings, knew that an answer would have to be filed within the time fixed; she and her counsel could and should have informed themselves as to the state of the record as disclosed from time to time in the office of the clerk of the district court.

The plaintiff, having instituted proceedings in garnishment, by filing her affidavit thereof on June 25, 1937, is not in position to question the sufficiency of her own pleadings and does not do so. The affidavit then filed properly started a proceeding to determine

the liability of the garnishee. (See *Septer v. Boyles,* 147 Kan. 364, 76 P. 2d 771.) After instituting the proceedings, the plaintiff did nothing, either by seeking dismissal or otherwise, that indicated any intention not to have matters proceed in due course until almost a year later, when, on June 8, 1938, she filed a second affidavit which, for purposes of discussion, was identical with the one filed in June, 1937. As has been noted, after the first affidavit was filed, the garnishee answered alleging no liability, and the plaintiff thereafter filed no notice in writing electing to take issue. The pertinent statute (G. S. 1935, 60-948) reads, in part:

"The answer of the garnishee shall in all cases be conclusive of the truth of the facts therein stated, unless the plaintiff shall within twenty days serve upon the garnishee a notice in writing that he elects to take issue on his answer." .

That provision of the code has been before this court on a number of occasions and under somewhat varying circumstances, and it has always been held to mean that if the notice in writing to take issue is not filed, the facts stated in the answer stand as true. (See *Turner v. Williams,* 114 Kan. 769, 775, 221 Pac. 267, 270; *Munz v. Hill,* 121 Kan. 640, 641, 249 Pac. 590; *First State Bank v. Lowder,* 132 Kan. 216, 294 Pac. 852; *State Bank of Dodge City v. McKibben,* 146 Kan. 341, 346, 70 P. 2d 1.) (See, also, 28 C. J. [Garnishment, § 451], p. 300; 5 Am. Jur. [Attachment and Garnishment, § 763], p. 61, and the latter part of G. S. 1935, 60-945, from which such a conclusion may be inferred.)

To avoid the effect of the above provision of the code, appellee takes two positions, one that she abandoned the first proceeding, and second, that under the provisions of G. S. 1935, 60-3485, she was seeking to subject moneys claimed to be due from the casualty company to Schmuck to the payment of her judgment against Schmuck *by an action,* and not by following applicable provisions of the code respecting garnishment. In support she cites and relies on *Exchange Bank v. Gulick,* 24 Kan. 359. Although there is language used therein that seems favorable to plaintiff, an analysis will show the contrary. That action was filed in the justice of the peace court where provision for taking issue in the manner above discussed will not be found. In that case, after garnishment had been begun, the bank answered admitting liability on a nonnegotiable past-due certificate of deposit, on which answer plaintiff gave no notice the answer was unsatisfactory, but obtained an order for payment. Later he brought suit on the order, but dismissed it. It was

contended he was estopped from maintaining his suit and alleging the answer was unsatisfactory. This court stated it did not so understand the statute, and that while plaintiff might have given notice the answer was unsatisfactory, that remedy was cumulative; that failure to give notice was no waiver of objection to the answer; that the truth of the answer was the substance, and the manner of ascertaining it was optional with the plaintiff and "until a final decision in either proceeding, he may abandon one, and substitute another." That situation did not obtain here, nor was the same code provision applicable. Here plaintiff instituted proceedings in garnishment, the garnishee answered, the plaintiff did not make timely election to take issue, and the matter ended with the passage of the twenty days. That failure to take issue cannot be called an abandonment of the proceedings. The only way it could be abandoned would be by some affirmative action, such as dismissal of the proceedings or by the commencement of an independent action in the nature of a creditor's bill or in the nature of a substitute for the proceedings already commenced and then only before the other proceedings had become final. (See *Ludes v. Hood, Bonbright & Co.*, 29 Kan. 49.) And it may not be successfully contended now that either the first or second proceedings was an action under G. S. 1935, 60-3485. Although the name attached to the pleading is not conclusive, it is to be considered in connection with what was otherwise done. The pleading was filed in a pending suit to which the casualty company was not a party. No summons was issued, served and returned, as would be the case if an action were begun. On the contrary, a summons in garnishment issued. We hold that the filing of each pleading headed "Affidavit in Garnishment" was not the beginning of an action as referred to in the statute last mentioned. Nor have we overlooked plaintiff's contention that her failure to take issue amounted to a discontinuance of the proceedings, and she was not prejudiced to commence another proceedings thereafter. This contention is predicated on that part of G. S. 1935, 60-945, providing for affidavit of no liability and for discharge in statutory language which, as a matter of fact, was included in the garnishee's verified answer, and that where such affidavit has been filed, "thereby the proceedings against such garnishee shall be deemed discontinued . . . unless within twenty days thereafter the plaintiff serves notice on such garnishee that he elects to take issue on his answer," etc.

The discontinuance is for the benefit of the garnishee, and the statute is not to be interpreted to mean that by failing to take issue on the first, or, as contended, on a successive, garnishee's affidavit or answer, the plaintiff may avoid a determination of the garnishee's liability.

We are of opinion that the failure of the plaintiff to take issue on the answer made to the first affidavit in garnishment determined the question of the garnishee's liability, and when that was disclosed the trial court should have quashed the second garnishment proceedings and have rendered judgment for the garnishee. ·

The conclusion above reached makes it unnecessary to discuss any questions concerning the casualty company's liability to Joseph Schmuck as an additional insured under the insurance policy.

The judgment of the trial court is reversed.