Margaret DENNING, Appellant,

v.

Edward DENNING and Mary Denning, Appellees.

No. 6371.

United States Court of Appeals
Tenth Circuit.

Nov. 1, 1960.

Abraham Weinlood, Hutchinson, Kan. (Weinlood, Cole, Oswalt & Shaffer, Hutchinson, Kan., were with him on the brief), for appellant.

William Porter, Wichita (Charles R. Ogden and Frank M. Ogden, Guymon, Okl., William Tinker, Arthur W. Skaer, Jr., Hugh P. Quinn, Alvin D. Herrington, Darrell D. Kellogg and Richard T. Foster, Wichita, Kan., were with him on the brief), for appellees.

Before PHILLIPS, LEWIS and BREITENSTEIN, Circuit Judges.

PHILLIPS, Circuit Judge.

Margaret Denning and Edward Denning were formerly husband and wife. In a divorce action brought by Edward against Margaret in the District Court of Morton County, Kansas, the court awarded Edward a decree of divorce and adjudged that Edward pay to Margaret the sum of $45,000 in installments, as follows: $15,000 on September 7, 1957, $10,000 on September 7, 1958, $10,000 on September 7, 1959, and $10,000 on September 7, 1960, and further, that all property, real and personal, owned by Edward be set over to him free and clear of all claims and demands of Margaret. Thereafter, on November 22, 1958, Margaret commenced the instant action against Edward Denning and Mary Den-

ning. In her complaint Margaret set out the decree of divorce, the money judgment awarded her, and further alleged that Edward had paid on such judgment only $10; that Margaret had unsuccessfully attempted to enforce said judgment by execution, garnishment, and proceedings in aid of execution; that on November 16, 1956, the date on which Edward commenced the divorce proceeding, Edward and Margaret were the owners of certain land situated in Texas County, Oklahoma;[1] that on November 23, 1956, a deed purporting to convey such land from Edward to Mary Denning, his mother, was recorded in Texas County, Oklahoma; that Mary Denning paid no consideration for such purported conveyance; that such conveyance was made with the intent of Edward and Mary to hinder, delay and defraud Margaret and prevent her from collecting any judgment which she might obtain against Edward in the divorce action and was made with the expectation that a substantial judgment would be rendered against Edward and in favor of Margaret in such divorce action; that Margaret did not discover such conveyance until the month of June, 1957. Margaret prayed for a judgment adjudging such conveyance fraudulent and void, requiring Mary Denning to account for the income from such property and apply the same to plaintiff's judgment; requiring Mary to make a proper conveyance of such lands to a receiver or officer of the court; directing such receiver or officer to dispose of such lands to the extent necessary to satisfy the sums accrued and past due on Margaret's judgment against Edward, and awarding relief that would insure the payment of the remaining sums due on such judgment and for costs and attorneys' fees.

On March 10, 1958, Abraham Weinlood filed a sworn affidavit for garnishment in the divorce action, averring therein that he is one of the attorneys for Margaret in the divorce action; the award of judgment in the divorce action in favor of Margaret and against Edward; that

such judgment remains in full force and effect; that Edward had failed and refused to pay the sum of $15,000 due on such judgment September 7, 1957; "That Defendant and this affiant verily believe that Mary Denning, of Elkhart, Kansas, is indebted to the Plaintiff, Edward Denning, and has in her possession moneys, credits and personal property belonging to said Plaintiff"; that Edward does not have property liable to execution sufficient to satisfy such judgment, and that the "moneys, credits and personal property above mentioned are not by law exempt from seizure or sale upon execution." On March 19, 1958, a garnishee summons was executed in the divorce action and duly served personally on Mary on March 24, 1958. The summons required Mary, as garnishee of plaintiff Edward, to answer "whether you are indebted to or have in your possession or under your control, *any property, real* or personal, belonging to said Plaintiff and file a copy of your answer with the Clerk of this Court." (Italics ours.)

On April 14, 1958, Mary filed her sworn answer as garnishee, in which she stated that the garnishee summons was served on her on March 25, 1958; "that she was then, and is now, in no manner and upon no account indebted or under liability to the plaintiff, Edward Denning, and that she then had and now has in her possession or under her control, no real estate, and no personal property, effects, or credits of any description, belonging to said plaintiff, or in which he has any interest, and is in no manner liable as garnishee in this action."

On April 21, 1958, Margaret, through her attorney, Abraham Weinlood, prepared and signed a notice to Mary Denning of Margaret's election to take issue on Mary's answer as garnishee. On the same date, Abraham Weinlood enclosed such notice in an envelope addressed to Mary Denning at Elkhart, Kansas, and forwarded it to her by registered, postage prepaid mail through the United States Post Office at Hutchinson, Kansas,

---

1. In her complaint Margaret particularly describes such land.

with a request for a return receipt and instructions to deliver to addressee only. The envelope was stamped "Elkhart, Kans Apr. 22, 1958." It was returned to the sender with a notation "Refused" and received in the Post Office at Hutchinson, Kansas, April 23, 1958. The envelope, with its contents, was filed in the divorce proceeding.

Mary filed her answer in the instant action. In the third defense she set up the garnishment proceeding; alleged that in her answer in garnishment she denied that she had in her possession or control any real estate belonging to Edward or in which he had any interest; that no exception was taken to such answer; and that by reason thereof the truth of the allegations in her answer in garnishment had become conclusive and was a bar to the instant action by Margaret.

At the pretrial proceedings the affidavit, summons and answer of the garnishee were offered and received in evidence. Margaret, through her attorney, admitted that nothing further was filed in the garnishment action. Mary admitted, through her attorney, the attempt to serve her by registered mail with the notice referred to above; that delivery was refused; that the envelope in which the notice was enclosed was returned; that it was filed in the divorce proceedings; and that it was thereafter opened by the judge of the District Court of Morton County, Kansas, in another proceeding.

Mary filed a motion for summary judgment. The court sustained the motion on the ground that the answer of the garnishee was conclusive of the facts therein stated, by reason of the failure of Margaret within 20 days to effectively serve the garnishee, Mary, with a notice in writing that she elected to take issue on the answer. Margaret has appealed.

Section 60–941, G.S.Kan.1949, provides for the affidavit in garnishment. It requires the affidavit to state, among other things, that the plaintiff, or some person in his behalf, stated:

"* * * that he verily believes that some person, naming him, is indebted to or has property, real or personal, in his possession or under his control belonging to the defendant * * *."

Section 60–943 of such Kansas Statutes provides for the summons in garnishment and prescribes the form for such summons. The prescribed form in part reads:

"* * * You are hereby summoned, * * * and required on or before twenty days from the return day, to wit, ———, 19—, to answer according to law whether you are indebted to, or have in your possession or under your control *any property, real* or personal, belonging to such defendant, and file a copy of your answer with the clerk of this court; * * *." (Italics ours.)

Section 60–945 of such Kansas Statutes provides that if the truth warrant, the garnishee may file with the clerk of the court in which the action is pending an affidavit of garnishee for discharge in the form prescribed in such section. Such form in part reads:

"* * * that on the ——— day of ———, A.D. 19—, he was served with a garnishee summons in the above-entitled action; that he was then and is now in no manner and upon no account indebted or under liability to the defendant (naming him), and that he then had and now has in his possession or under his control no real estate and no personal property, effects, or credits, of any description, belonging to said defendant or in which he has any interest; * * *."

Section 60–948 of such Kansas Statutes provides that:

"The answer of the garnishee shall in all cases be conclusive of the truth of the facts therein stated, unless the plaintiff shall within twenty days serve upon the garnishee a notice in writing that he elects to take issue on his answer; * * *."

In her statement of points Margaret asserts that the attempted service

of the notice of her election to take issue on the answer in garnishment was not rendered ineffectual by Mary's refusal to accept the same. She does not argue that point in the brief and apparently abandoned it. We have been unable to find any Kansas statute or rule of court authorizing service of the notice of election to take issue on the answer in garnishment by mail and therefore conclude that § 60–948, supra, requires personal service.

The Supreme Court of Kansas has consistently held that if the plaintiff in a garnishment proceeding shall fail within the prescribed time to serve upon the garnishee a notice in writing that he elects to take issue on the garnishee's answer, that the answer becomes conclusive "of the truth and of the facts stated [therein]." [2]

Section 60–954 of such Kansas Statutes in part provides:

"From the time of the service of the summons upon the garnishee he shall stand liable to the plaintiff to the amount of the property, moneys, credits and effects in his possession or under his control, belonging to the defendant or in which he shall be interested, to the extent of his right or interest therein, * * *. Any property, moneys, credits and effects held by a conveyance or title, void as to the creditors of the defendant, shall be embraced in such liability. * * *"

■ Thus, it clearly appears that a garnishee is liable in a garnishment proceeding for property transferred to him as grantee by a debtor for the purpose of defrauding such debtor's creditors. The Kansas statutory provision is in accordance with the generally accepted rule that a creditor whose debtor has made a fraudulent conveyance of property for the purpose of defrauding creditors may proceed by garnishment against the grantee of such property.[3]

Counsel for Margaret assert that the garnishment affidavit did not tender an issue with respect to whether Mary had in her possession any real property belonging to Edward. It is true that the affidavit in garnishment filed by Margaret did not follow the statutory form, in that it did not use the phrase "real property," but the summons in garnishment, issued in the form provided by the Kansas Statutes, did require the garnishee to answer with respect both to real and personal property and by § 60–945, supra, the garnishee was required to answer with respect to real estate. Morover, § 60–954, supra, makes a garnishee from the time of the service of the summons liable to the plaintiff to the amount of property, both real and personal, in his possession or under his control and for any property held by the garnishee by conveyance of title, void as to the creditors of the defendant. Accordingly, we conclude that there was an issue in the garnishment proceeding, as to whether Mary, as garnishee, was liable to Margaret by reason of her having possession or control of real property belonging to Edward, or held by conveyance of title void as to creditors of Edward.

■ .It follows, that had Margaret properly served a notice in writing of her election to take issue on the garnishee's answer, she could have asserted in the garnishment proceeding her claim that the land involved in the instant case was transferred by Edward to Mary for the purpose of defrauding Margaret as his creditor and to prevent the collection of the judgment awarded Margaret in the divorce proceeding and if she established such claim she could have obtained the relief she prays for in the instant action.

2. Phelps v. Schmuck, 151 Kan. 521, 100 P.2d 67, 69; State Bank of Dodge City v. McKibben, 146 Kan. 341, 70 P.2d 1, 4; Munz v. Hill, 121 Kan. 640, 249 P. 590, 591; First State Bank of Greeley County v. Lowder, 132 Kan. 216, 294 P. 852; Turner v. Williams, 114 Kan. 769, 221 P. 267, 270.

3. See 37 C.J.S. Fraudulent Conveyances § 310, p. 1142; 27 C.J. Fraudulent Conveyances § 549, p. 708.

In Henderson v. United States Radiator Corporation, 10 Cir., 78 F.2d 674, at page 675, this court, said:

"The doctrine of res judicata embodies two main rules which may be stated as follows:

"(1) The final judgment or decree of a court of competent jurisdiction upon the merits concludes the parties and their privies to the litigation, and constitutes a bar to a new action or suit upon the same cause of action either before the same or any other tribunal.

"(2) Any right, fact or matter in issue and directly adjudicated, or necessarily involved in the determination of an action before a competent court in which a judgment or decree has been rendered upon the merits, is conclusively settled by the judgment therein and cannot again be litigated between the same parties and their privies, whether the claim, demand, purpose or subject-matter of the two suits is the same or not.

"The principle of the first rule is referred to as 'bar by former judgment,' and the second as 'conclusiveness of judgment.' "

Since there was no judgment in the garnishment action, nor any adjudication of issues, this case does not fall directly within the doctrine of res judicata. The defense predicated upon § 60–948, supra, is more in the nature of a statutory estoppel, analogous to res judicata, and, if applicable, a complete bar.

In the garnishment proceeding Margaret sought to enforce Mary's liability as garnishee. We have shown that that liability embraced liability for property held by Mary by a conveyance of title void as to creditors. That is the same liability which Margaret now seeks to enforce in the instant action. In her answer Mary stated under oath that she did not have in her possession or under her control real estate belonging to Edward in which he had any interest and that she was "in no manner liable as garnishee in this action." We conclude that Margaret is now estopped to challenge the facts stated in Mary's answer or to assert that they were untrue and for that reason she is barred from maintaining the instant action. Our conclusion finds support in Phelps v. Schmuck, 151 Kan. 521, 100 P.2d 67, 70, 71.

Section 60–951 of such Kansas Statutes in part provides:

" * * * The court shall render such judgment in all cases as shall be just to all the parties, and properly protect their respective interests, and may adjudge the recovery of any indebtedness, the conveyance, transfer or delivery to the sheriff, or any officer appointed by the judgment, of any real estate or personal property disclosed or found to be liable to be applied to the plaintiff's demand, or by the judgment pass the title thereto; and may therein, or by its order when proper, direct the manner of making sale and of disposing of the proceeds thereof, * * *"

While the court, in the garnishment proceeding, could not have directly reached the real estate situated in Oklahoma, under § 60–951, supra, the court could have required Mary to transfer such real estate to a person appointed by the court for the purpose of subjecting it to Margaret's judgment.

Affirmed.