No. 44,553

Harold Ten Eyck, Jr., *Plaintiff-Appellant*, v. Glen W. Harp, *Defendant*, and Aetna Casualty and Surety Company, *Garnishee-Appellee*.

(419 P. 2d 922)

Opinion filed November 5, 1966.

*Kay McFarland,* of Topeka, argued the cause, and *T. M. Murrell, George A. Scott* and *Jack A. Quinlan,* of Topeka, were with her on the briefs for plaintiff-appellant.

*Roscoe E. Long,* of Topeka, argued the cause, and *O. B. Eidson, Philip H. Lewis, James W. Porter, Charles S. Fisher, Jr., William G. Haynes, Peter F. Caldwell, R. Austin Nothern* and *Brock P. Snyder,* of Topeka, were with him on the briefs for garnishee-appellee.

The opinion of the court was delivered by

Fatzer, J.: This is an appeal from an order of the district court dismissing two garnishment proceedings commenced by the plaintiff.

The plaintiff, Harold Ten Eyck, Jr., commenced an action against the defendant, Glen W. Harp, for property damage sustained by him as a result of an automobile collision involving the defendant's automobile and that of a third party, one Johannes, which was allegedly caused by the negligence of the defendant. Summons

was served upon the defendant pursuant to the "long-arm statute" (then G. S. 1949, 8-401, as amended), who resided in Missouri.

On October 24, 1962, judgment was rendered by default in favor of the plaintiff in the amount of $1,195; the defendant neither appeared nor answered.

On July 26, 1963, the plaintiff filed an affidavit in garnishment, naming the Aetna Casualty and Surety Company, Hartford, Connecticut, as garnishee.

On September 4, 1963, the garnishee filed its verified answer, which reads:

"Roscoe E. Long, being first duly sworn, says that he is one of the attorneys for the above named Garnishee; that on the 31st day of July, 1963, S. B. Guiney, Associate Counsel for Aetna Casualty and Surety Company, Hartford, Connecticut, was served with a garnishee summons in the above entitled action; that said Garnishee was then, and is now, in no manner and upon no account indebted or under liability to the defendant, Glen W. Harp; and that said Garnishee then had and now has in its possession, or under its control, no real estate, and no personal property, effects, or credits, of any description, belonging to said defendant, or in which he has any interest, and is in no manner liable as Garnishee in this action; and further, that this Court has no jurisdiction of the subject matter or the parties thereto."

No reply was filed by the plaintiff to Aetna's answer as garnishee and nothing further was done until September 14, 1964, when the plaintiff filed another affidavit in garnishment identical to the one filed on July 26, 1963, except as to the date of signing and verifying the same. Another summons in garnishment was issued and served on Aetna. In due time, and on October 26, 1964, Aetna filed its answer as garnishee in language identical to the answer above quoted, except as to the date of service and the name of associate counsel in Hartford, Connecticut.

On the following day, October 27, 1964, the plaintiff filed a reply denying generally the allegations of Aetna's answer and alleged that he had good reason to believe that Aetna Casualty and Surety Company insured the defendant Harp under a certain policy of automobile liability insurance and, as a result of the collision upon which this action was based, the third party, Johannes, was paid a part of his damage on behalf of the defendant by his insurance carrier, the Aetna Casualty and Surety Company; that Aetna, as garnishee, did have a valid policy of automobile liability insurance in effect at the time plaintiff's cause of action arose and was obligated to the defendant Harp thereunder.

On April 20, 1965, counsel for the parties presented oral argument

on the issue whether service of summons was properly perfected on the defendant Harp and whether the district court had jurisdiction of the matter. Counsel was given leave by the court to submit written briefs on the question.

Thereafter, and on May 26, 1965, with no additional proceedings or hearings in the cause, and without determining the sole question presented to it, the district court wrote counsel and made findings of fact which were incorporated in a journal entry, as follows:

"1. That on July 25, 1963, Mr. T. M. Murrell filed an affidavit for garnishment after judgment in the above-entitled matter, and that on September 4, 1963, the garnishee answered in accordance with statute that it was not indebted to the defendant Glen W. Harp, and that it did not have in its possession or under its control real estate, etc., belonging to the defendant.

"2. That no reply was filed by the plaintiff or his attorney to the answer of the garnishee at that time.

"3. That based on the decision rendered in *First State Bank vs. Lowder,* 132 Kan. 216 and *Phelps vs. Schmuck* and the *New York Casualty Company,* 151 Kansas 521, this matter is res judicata and this garnishment proceedings should be dismissed."

In harmony with its findings, the court entered judgment dismissing the garnishment proceedings.

On June 1, 1965, the plaintiff filed a pleading entitled "Motion for Rehearing" and alleged that at the hearing on April 20, 1965, the sole issue raised and argued was whether service of summons was properly had on the defendant Harp under the long-arm statute; that at said hearing the plaintiff attempted to show to the court facts and circumstances which lead up to the issuance of the second garnishment, including acts of Aetna which would have estopped it from claiming *res judicata,* but that due to objection by the garnishee, he was prevented from introducing such evidence; that the order of May 26, 1965, dismissing the garnishment proceedings was based entirely upon the issue of *res judicata,* and plaintiff was prejudiced by not being permitted to introduce evidence on the issue of the garnishee's settlement and payment of damages to Johannes.

Thereafter, and on August 31, 1965, the plaintiff filed a motion for judgment against the garnishee based upon its answer filed in the first garnishment proceedings. He alleged the answer filed by Aetna as garnishee on September 4, 1963, was void on its face since it was signed and verified by Roscoe E. Long as "one of the attorneys for the above named Garnishee," and that counsel for the garnishee

did not have the capacity to make such an answer, not being an officer of Aetna as required by G. S. 1949, 60-949, then in effect.

On October 28, 1965, the district court overruled the plaintiff's motion for rehearing and his motion for judgment. At the same time, it wrote counsel it was of the opinion that even though Mr. Long had not specifically complied with the statutes in filing Aetna's answer in the first garnishment, the plaintiff's failure to attack the answer estopped him from raising the question, making Aetna's answer in the first garnishment controlling, and was *res judicata*.

Thereafter, and on November 22, 1965, the plaintiff perfected this appeal from the orders and judgment entered by the district court dismissing both garnishment proceedings.

At the outset, we are confronted with Aetna's contention there was no valid appeal from the district court's findings of fact, decision and judgment on May 26, 1965, dismissing both garnishment proceedings on the grounds of *res judicata*. Aetna's contention is succinctly stated in its brief as follows:

"It, therefore, conclusively appears from the record in this case that plaintiff-appellant has not filed any of the motions enumerated above to stay the time for filing notice of appeal from final judgment of May 26, 1965, pursuant to K. S. A. 60-2103, and that no appeal to this Honorable Court was filed within thirty (30) days from the entry of the findings of fact and questions of law and the judgment entered May 26, 1965."

K. S. A. 60-2103 (*a*) provides that when an appeal is permitted by law from the district court to the Supreme Court, the time within which an appeal may be taken shall be 30 days from the entry of the judgment as provided by Section 60-258, and provides further:

". . . The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subsection commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: granting or denying a motion for judgment under section 60-250 (*b*); or granting or denying a motion under section 60-252 (*b*) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; or granting or denying a motion under section 60-259 to alter or amend the judgment; or denying a motion for new trial under section 60-259."

We are of the opinion Aetna's contention cannot be sustained. The appeal is from the order of the district court entered October 28, 1965, denying both of the plaintiff's motions; one entitled "Motion for Rehearing" and the other for judgment based on Aetna's answer in the first garnishment proceedings. When the case was

orally argued, the plaintiff conceded his motion for judgment filed August 31, 1965, was not filed within ten days from May 26, 1965, as required by K. S. A. 60-250 (*b*) and did not terminate the running of the time for appeal. However, it was urged the motion entitled "Motion for Rehearing," filed on June 1, 1965, was filed within the ten-day period from May 26, 1965, as prescribed by K. S. A. 60-252 (*b*) and 60-259, and suspended the running of the time for appeal.

Although the name attached to a pleading is not conclusive, it is to be considered in connection with what was done and the relief sought. While a "Motion for Rehearing" is not one of the motions expressly designated in 60-2103 (*a*), the plaintiff's motion stated specifically the alleged error of the district court and the grounds relied upon, and looking through form to substance, we think it sought to alter or amend the judgment. (60-259.) Hence, we conclude that plaintiff's "Motion for Rehearing" sought such relief as is contemplated by K. S. A. 60-259 and 60-2103 (*a*) and suspended the running of the time for perfecting an appeal until it was overruled on October 28, 1965. The notice of appeal, being served and filed on November 22, 1965, was within the 30-day period prescribed by law, and the instant appeal was timely perfected.

The plaintiff first contends that Aetna's answer in the first garnishment proceeding was void on its face and the district court erred in holding that plaintiff's failure to reply made that answer conclusive of the facts therein stated and was *res judicata*. The point is well taken. Aetna's answer was signed and verified by Roscoe E. Long, counsel of record for Aetna, and no contention is made that he was an officer of Aetna's corporate organization. He is a member of the law firm which was handling legal matters for Aetna, and gave as his authority for making the answer the fact that he was one of the attorneys for the garnishee. As such, he was not qualified by statute to make such an answer. G. S. 1949, 60-949, in force and effect on September 4, 1963, reads:

"The answer of a corporation summoned as a garnishee may be made *by any officer* thereof; and *of any other garnishee, by* any agent or *attorney,* in his behalf, who shall be acquainted with the facts." (Emphasis supplied.)

The requirement of the statute was mandatory, that the answer of a corporation summoned as a garnishee be signed and verified by an officer. It was evidently intended to require truth and accuracy in such an answer, but whatever the purpose may have been, it

was an essential element of a valid corporate answer. This conclusion is obvious from the express language of the statute which prescribes that an attorney may sign *for any other* garnishee. It follows that Mr. Long was unauthorized to sign and verify Aetna's first garnishment answer and it was legally of the same effect as if no answer had been filed. Aetna had the affirmative duty to file its answer as garnishee in accordance with the requirements of the statute and having failed to do so, the purported answer filed September 4, 1963, is to be regarded as a nullity. (*Buzbee v. Allen County State Bank,* 191 Kan. 112, 379 P. 2d 250.) It follows as a natural sequence the district court erred in holding that plaintiff's failure to reply to Aetna's answer in the first garnishment proceeding made that answer controlling, and was *res judicata.*

The foregoing conclusion does not require a holding the district court erred in overruling the plaintiff's motion for judgment in the first garnishment proceeding. As indicated, the plaintiff did nothing for approximately two years, when, on September 14, 1964, he commenced the second garnishment proceeding. In due time, Aetna filed its answer as garnishee denying it was indebted or otherwise obligated to the defendant Harp. The fact that Mr. Long signed and verified Aetna's answer in the second garnishment proceeding did not make that answer a nullity. The statute (G. S. 1949, 60-949) which controlled our decision with respect to Aetna's answer in the first garnishment proceeding, had been repealed, and the provisions of the new Code of Civil Procedure dealing with the answer of garnishee (K. S. A. 60-718), effective January 1, 1964, did not preclude Mr. Long from signing and verifying Aetna's answer in the second garnishment proceeding. Thereafter, the plaintiff timely filed a reply denying Aetna's allegations and affirmatively alleged that Aetna had effected a settlement with the third party, Johannes, and paid him part of the damages he sustained in the automobile collision as the defendant Harp's insurance carrier. The plaintiff did not file his motion for judgment until after May 26, 1965, when the district court dismissed both garnishment proceedings as *res judicata.* Although the lapse of time is not sufficient by itself to determine whether there has been laches on the part of any party in a particular case, courts have discretion over all the facts and circumstances to determine the question. The garnishee Aetna had filed no valid answer for the plaintiff to reply to, and

his commencement of the second garnishment proceeding was such affirmative action as to constitute an abandonment of the first garnishment proceeding. The case of *Phelps v. Schmuck,* 151 Kan. 521, 527, 100 P. 2d 67, is not controlling. There, the corporate garnishee had filed a proper answer and the plaintiff failed to timely serve notice he elected to take issue. In the instant case, the district court did not err in overruling the plaintiff's motion for judgment.

This brings us to the disposition of the second garnishment proceedings. As indicated, Aetna's answer denied it was indebted to or otherwise obligated to the defendant Harp. The plaintiff's reply alleged he verily believed that Aetna insured Harp under a certain policy of automobile liability insurance and as a result of the collision upon which the plaintiff's action against Harp was based, it paid, as Harp's insurance carrier, part of the damages sustained by the third party, Johannes. In this posture, the pleadings present genuine issues of material fact between the parties upon which evidence should be introduced and we conclude the district court erred in dismissing the second garnishment proceeding. The judgment is reversed with directions to afford the parties a full hearing on the merits.

It is so ordered.