(17 P.3d 947)
No. 84,504
No. 84,728

THOMAS D. VOYLES, *Plaintiff/Appellant/Cross-appellee*, v. ERNESTO M. GARCIA, *Defendant,* and TRADERS INSURANCE COMPANY, *Garnishee/Appellee/Cross-appellant.*

Opinion filed January 5, 2001.

*Timothy J. King,* of Speth & King, of Wichita, for appellant/cross-appellee.

*Paul Hasty, Jr.,* and *Kyle N. Roehler,* of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, for appellee/cross-appellant.

Before BEIER, P.J., GERNON, J., and JANICE D. RUSSELL, District Judge, assigned.

GERNON, J.: This appeal arises from attempts to enforce a judgment in a tort case.

Thomas D. Voyles and Ernesto M. Garcia were involved in an automobile accident. Voyles obtained a default judgment against Garcia for $100,000, plus court costs.

This controversy involves Voyles' claim that Traders Insurance Company (Traders) is liable for the judgment against Garcia under a policy issued to Garcia's father, Ramon Garcia.

Traders contends that the policy issued to Ramon Garcia was procured by fraud. Traders returned the premium to Ramon Garcia and rescinded the policy *ab initio*. Ramon Garcia accepted the return of the premium check, endorsed it, and cashed it.

Voyles sought to collect the default judgment by garnishment of Traders. Voyles filed a motion for summary judgment, arguing that an insurer could not rescind a policy *ab initio* to the detriment of a third party. Voyles' motion was denied.

Traders then filed a motion for summary judgment, reasserting its position concerning the fraudulent procurement and rescission of the policy. The trial court granted Traders' motion, finding that the policy was procured through fraud and that Ramon Garcia, the named insured, had accepted a refund of all policy premiums. Voyles appeals.

The issues on appeal focus on the garnishment attempts, an interpretation of K.S.A. 1999 Supp. 40-2,118, and Traders' cross-appeal for costs.

Garnishment Issues

Voyles sought to enforce his judgment through a garnishment order served on Traders on May 14, 1998. Traders timely answered on June 3, 1998, that it was not indebted to Garcia. Voyles contended he did not receive the answer and moved for judgment on the garnishment on July 15, 1998. On July 20, 1998, Traders served a response with a copy of the first garnishment answer. On July 22, 1998, Voyles' counsel informed Traders, by letter, that he would abandon the first garnishment order and file a new one. On July 30, 1998, Voyles garnished Traders for the second time, and Traders answered on August 19, 1998, again denying that it held any property of or was indebted to Garcia.

The garnishment statute, K.S.A. 1999 Supp. 60-718, and the available case law lead us to conclude that the allegations of Traders' first answer were conclusive. K.S.A. 1999 Supp. 60-718(c) states, in relevant part:

"Within 10 days after the filing of the answer the plaintiff or the defendant or both of them may reply thereto controverting any statement in the answer. . . . If the garnishee answers as required herein and no reply thereto is filed within 10 days, the allegations of the answer are deemed to be confessed."

See *Phelps v. Schmuck*, 151 Kan. 521, 526, 100 P.2d 67 (1940).

The garnishment question does not end there, however. The district court granted an oral motion by Voyles for leave to reply out of time. Neither the record on appeal nor the journal entry on this ruling articulate a basis for the ruling.

The cases available for guidance on this issue include: *Bank of Whitewater v. Decker Investments, Inc.*, 238 Kan. 308, 315, 710 P.2d 1258 (1985) (defendant granted additional time to answer based on "excusable neglect," which the appellate court stated must be determined on a case-by-case basis); *Boyce v. Boyce*, 206 Kan. 53, 55-56, 476 P.2d 625 (1970) (first case to discuss excusable neglect pursuant to K.S.A. 60-206[b]); *Phelps v. Schmuck*, 151 Kan. at 526 (if a plaintiff does not answer within the statutory time allowed to respond to the answer of a garnishee, the answer of the garnishee is deemed conclusive as to the facts therein stated, and such facts stand as true); *Kansas Sand & Concrete, Inc. v. Lewis*, 8 Kan. App. 2d 91, 96-97, 650 P.2d 718 (1982) (citing with approval the *Phelps* ruling).

The problem, as we see it, is that the rule in *Phelps* regarding the conclusiveness of an answer clashes with the discretion allowed under K.S.A.1999 Supp. 60- 206(b) to allow a reply to the answer out of time upon a showing of failure to act was the result of excusable neglect.

Several facts weigh in on our decision here. Voyles' record on appeal does not provide a statement as to the "excusable neglect" he asserts. We further note that in the cases we examined, the party asserting excusable neglect immediately sought relief, sometimes within hours. Here, the passage of so much time leads us to the

conclusion that the trial court should not have allowed Voyles the opportunity to reply to the first garnishment.

Voyles learned of the answer to the first garnishment no later than July 22, 1998, the date of his attorney's letter acknowledging receipt of a copy. He did not move to file a reply out of time to the original answer of the garnishee until he made an oral motion on October 22, 1998. Prior to July 22, Voyles' failure to act may have been a result of excusable neglect. However, beyond July 22, it is hard to imagine that a reasonable person could find Voyles' course of action constituted excusable neglect. The proper procedure would have been to immediately move to reply out of time, and Voyles simply chose not to follow it.

K.S.A. 1999 Supp. 40-2,118(c)

Our ruling on the garnishment issue, coupled with our reading of K.S.A. 1999 Supp. 40-2,118(c), leads us to conclude that Traders' position should prevail here.

In 1991, the Kansas Supreme Court held that K.S.A. 1990 Supp. 40-3118(b) controlled rescission of mandatory liability coverage, leaving an insurance company only the right to rescind nonliability features of the policy. *Continental Western Ins. Co. v. Clay,* 248 Kan. 889, 896, 811 P.2d 1202 (1991). The court went on to explain that those features could be severed and the liability provisions left in effect as follows:

"Where claims have been made by both the insured acquiring the insurance through fraudulent misrepresentation and an injured innocent third party, severance of the nonliability, noncompulsory features of the policy is proper, thereby permitting rescission *ab initio* as to the claim of the insured involving provisions not mandated by the Kansas Automobile Injury Reparations Act." 248 Kan. at 896.

An amendment to K.S.A. 40-2,118 followed in 1994. Prior to the amendment, the statute consisted of a single section which simply defined the term "fraudulent insurance act." See K.S.A. 40-2,118. The 1994 amendment placed the existing definition in subsection (a) and added three subsections. Subsection (b) provides for criminal penalties. Subsections (c) and (d) read as follows:

"(c) In addition to any other penalty, a person who violates this statute shall be ordered to make restitution to the insurer or any other person or entity for *any*

financial loss sustained as a result of such violation. An insurer shall not be required to provide coverage or pay *any* claim involving a fraudulent insurance act.

"(d) This act shall apply to *all* insurance applications, ratings, claims and other benefits made pursuant to *any* insurance policy." (Emphasis added.) K.S.A. 1999 Supp. 40-2,118.

"The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be." *In re Marriage of Killman*, 264 Kan. 33, 42-43, 955 P.2d 1228 (1998).

K.S.A. 1999 Supp. 40-2,118 is found in Article 2, General Provisions, of Chapter 40, the state insurance code. The context would suggest it applies throughout the insurance code. The plain language of the statute—*any* and *all*—similarly indicates the legislature intended the provisions to apply to any and all insurance policies, including mandatory automobile liability policies, without exception. As if the intent of the legislature was not clear enough from the language of the statute and its placement in the code, as Traders points out, the legislature has twice failed to pass proposed amendments to 40-2,118 restricting its application to first-party claims. See S.B. 81, § 1 (1995) and H.B. 2503, § 1 (1999). Therefore, we find the plain language of 40-2,118 allows an insurance company to rescind the policy, even as to innocent third-party claims, upon proof that it was procured by a fraudulent insurance act.

## Denial of Costs

Finally, Traders contends the district court abused its discretion in overruling its motion for assessment of costs. The court allowed costs to Traders in its order granting summary judgment but overruled the motion for assessment of costs. We can only speculate as to the reason. The record does not contain a transcript of the hearing, although the minutes sheet indicates that a record was taken. The minutes sheet does not reflect a rationale for the ruling or the facts upon which it was based. Although the ruling contradicts the order allowing costs, Traders has failed to designate a record suf-

ficient to establish an abuse of discretion. See *In re B.M.B.*, 264 Kan. 417, 435, 955 P.2d 1302 (1998).

Traders' subsequent amended motion corrects an error: inclusion of the cost of the wrong deposition. Traders sought to reopen a matter previously decided in order to present evidence that could have been introduced with the original motion. The court's ruling that it was barred from doing so is not facially unreasonable. Again, without a record of the hearing on the first motion, we cannot review the facts and the court's reasoning. Traders has failed to show an abuse of discretion.

Traders' cross-appeal regarding costs is denied. Voyles' appeal as to the garnishment and statutory interpretation issues is denied. The judgment and rulings of the trial court are affirmed for the reasons stated herein.

Affirmed.