(650 P.2d 718)
No. 53,806

Kansas Sand & Concrete, Inc., *Plaintiff-Appellant,* v. Wayne A. & Lila L. Lewis dba Lewis Septic Tank, *Defendants,* v. City of Topeka, *Garnishee-Appellee.*

Opinion filed September 2, 1982.

*Ralph L. Larson,* of Topeka, for the appellant.

*Douglas S. Wright,* deputy city attorney, of Topeka, for the appellee.

Before Swinehart, P.J., Spencer and Meyer, JJ.

Swinehart, J.: This is an appeal by plaintiff-garnisher Kansas Sand & Concrete, Inc., from the judgment of the district court of Shawnee County in a garnishment proceeding finding that garnishee City of Topeka was not liable for paying out to defendants Wayne A. and Lila L. Lewis dba Lewis Septic Tank money which was being sought through garnishment. The following issues

have been raised on appeal: (1) whether the trial court erred in finding that the garnishee's payout of money was properly made; and (2) whether plaintiff's reply controverting the garnishee's answer was filed in a timely manner.

On August 5, 1980, plaintiff Kansas Sand & Concrete, Inc., obtained a judgment against defendants, Wayne A. and Lila L. Lewis, dba Lewis Septic Tank, in the amount of $912.76. On February 17, 1981, garnishee City of Topeka entered into contract No. 12154 with Wayne A. Lewis for excavating work to be performed by Lewis for the sum of $2,770. On February 24, 1981, plaintiff requested a garnishment order be served upon the garnishee City and said order was issued on the same date. The City answered the order on February 26, 1981, stating:

"(1) **Money or Indebtedness Due.** I DO NOT HOLD money or am indebted to said defendant, other than for earnings due and owing defendant, as of the date of this answer, in the following manner and amounts, to wit: Work completed, and monies due are for LEWIS EXCAVATION COMPANY, AND NOT LEWIS SEPTIC TANK INC., EMPLOYEE AND NOT INTENDED DEFENDANT. Wayne A. Lewis, is an employee of Lewis Excavation, and not the manager, and or owner. No garnishment action is taken on this garnishment."

The City held city warrant check No. 29521 in the amount of $1,266 made payable to Lewis Excavation. The check was paid to Lewis on February 26, 1981. Apparently Wayne Lewis had gone to the city auditor's office upon receiving notice of the garnishment and explained that the contract with the City was with Lewis Excavation, and that he was an employee of that company and no longer operating as Lewis Septic Tank. The excavation company, according to a January 15, 1981, affidavit, was operated by Jacqueline Lewis. That affidavit states:

"On this 15th day of January 1981 I Jacqueline Lewis will be establishing an excavation company to be known as Lewis Excavation Company. I will be the sole owner of this company and plan to incorporate in the very near future. Until I understand all the aspects of the excavation bussiness [sic], Wayne Lewis will be an employee of my company with the posistion [sic] of company supervisor to more or less run my business until I become capable to operate it myself. He will be paid the amount of $4.00 per hour. Listed below are his duties:

"(1) Wayne is in charge to estimate and bid jobs for me with the provision that I approve all bids

"(2) he is authorized to sign his name to any contracts for my company

"(3) he is authorized to sign his name to any checks or vouchers due my company for work performed, but any and all monies must be turned over to me

"(4) Wayne will use in my company a John Deere 310 backhoe supplied to him

by Alfred Lewis and until I incorporate, Wayne will be responsible to obtain any and all insurances he may need to perform his work

"(5) with my approval Wayne is authorized to hire and pay any sub-contractors he made [*sic*] need to perform a job with the condition that I receive receipts showing the amounts and dates the subs were paid

"(6) in the event that a condition arises that is not covered here, Wayne must have my approval first before going any further."

On March 11, 1981, plaintiff requested that a second garnishment order be served upon the City of Topeka. On March 31, 1981, defendant filed a response to contest the garnishment. The response refers to a city warrant check No. 30558 for $1,233 and mentions a February 27, 1981, order of garnishment. Nowhere in the record is there a reference to that check or that order. Defendant also sets out his position that he is employed by Jacqueline Lewis dba Lewis Excavation and that the City's contract is with Lewis Excavation.

On April 3, 1981, the City filed its answer to the March 11 garnishment order. It stated:

"(1) **Money or Indebtedness Due.** I hold money or am indebted to said defendant, other than for earnings due and owing defendant, as of the date of this answer, in the following manner and amounts, to wit: City of Topeka Warrant Check Number 32157 Dated April 2, 1981 in the amount of $277.00 for services rendered to the Community Development Department."

On April 27, 1981, plaintiff made a motion to the court for a judgment against the City for its failure to withhold money belonging to defendant which should have been turned over in the garnishment.

On May 13, 1981, the City made a motion to the court for an order discharging it as garnishee and seeking attorney fees.

On May 21, 1981, plaintiff filed a document entitled "Answer" wherein plaintiff replied to the City's original garnishment answer, seeking to hold the City liable for paying out money to defendant in violation of the garnishment order. At the bottom of the document, a district court judge had signed the following statement: "Motion to file out of time allowed this 11 day of May, 1981." In the appendix of the City's brief on appeal, a similar document entitled "Reply" is found, only the allowance for filing out of time is unsigned. This document does not appear in the record on appeal.

On August 24, 1981, the court held a hearing on the various pending motions. The court held that the City operated in good

faith in paying out $1,400 to the excavation company and found that it was not the duty of the City to find out whether the excavation company was the septic tank company or whether it should have been Wayne A. Lewis. The court denied the challenge to the payout and found that it was properly made. The court also found that the answer of the City was correct according to the knowledge that was available to the City at the time it was made.

Plaintiff appeals and contends that the trial court erred in finding that the garnishee's payout of money to defendant was properly made. Plaintiff maintains that the City's answer to the second garnishment order clearly mandates that its answer to the first garnishment was incorrect, given the fact that the contract between defendant and the City has remained the same. In other words, at the time of the City's first answer, the City was holding money for defendant and that money should have been attached by the garnishment order and paid to plaintiff per the order. Plaintiff argues that the City's mistake of fact concerning the ownership of the money does not relieve the City from liability for paying out the money contrary to the court's order of garnishment.

K.S.A. 1981 Supp. 60-717(c) provides in part:

"An order of garnishment issued for the purpose of attaching any property, funds, credits or other indebtedness belonging to or owing the defendant, other than earnings, shall have the effect of attaching (1) all such property of the defendant which is in the possession or under the control of the garnishee, and all such credits and indebtedness due from the garnishee to the defendant at the time of service of the order, and (2) all such property coming into the possession or control of the garnishee and belonging to the defendant, and all such credits and indebtedness becoming due to the defendant between the time of the serving of the order of garnishment and the time of the filing of the answer of the garnishee . . . ."

According to the contract defendant had with the City, defendant was the intended recipient of the payment due for work completed. Defendant, of course, told the City otherwise and the person who completed the garnishment answer did not have ready access to the original contract, but instead had a check made out to Lewis Excavation. The City paid out the money to Lewis, notwithstanding the garnishment order. The question now is whether the City is liable to plaintiff for the money paid out since it had in reality been attached by the garnishment order.

"As a general rule, a garnishee is charged with the custody and preservation of the garnished debt or property pending the outcome of the litigation and he may not, except at his peril, during that time, transfer such property, and if he does so, he is in no wise relieved from liability to the creditor by the fact that he was mistaken as to the effect of the writ. While the garnishee has a right to surrender garnished property to its true owner, the general rule is that he surrenders it at his peril to an adverse claimant without a proper order of court." 6 Am. Jur. 2d, Attachment and Garnishment § 512, pp. 924-25.

"Under some circumstances, ignorance of the identity of the defendant may relieve a garnishee from liability for failure to hold the garnished property or debt pending the garnishment. However, the liability of the garnishee is not thus limited where he made payment in reliance upon an incorrect name of the defendant on the back of the writ where the correct name of the defendant was contained in the body of the writ.

"Ignorance of property or funds of the defendant in his hands may, under certain circumstances excusing his ignorance, release a garnishee from liability for not preserving the same pending the garnishment. Accordingly, a deposit by the defendant in the name of another excuses the bank, when garnished, for failure to reserve the deposit, unless it had good reason to know that the deposit was meant to be garnished. However, a garnishee's liability will not be limited in this respect where he either knew or had good reason to know that property or funds in his hands belonged to the defendant." 6 Am. Jur. 2d, Attachment and Garnishment § 514, pp. 926-27.

"Where defendant is not known to the garnishee by the name under which he is described in the writ, payment made in ignorance of the identity of defendant has been held to relieve the garnishee from liability, except in a case where he has notice of facts putting him on inquiry. The mere fact that there was a misnomer of defendant in the writ will not relieve the garnishee from liability in case he pays his indebtedness to defendant with knowledge of his actual identity." 38 C.J.S., Garnishment § 186, p. 417.

The trial court, in the present case, held that the City's answer was correct according to the knowledge that was available to it at the time the answer was made, and therefore was not liable for paying out the money to defendant. The court reasoned that it was not the duty of the City to find out whether the excavation company was the septic tank company, or whether it was individually Wayne A. Lewis.

Upon appellate review this court accepts as true the evidence and all inferences to be drawn therefrom which support or tend to support the findings in the trial court, and disregards any conflicting evidence or other inferences which may be drawn therefrom. *Marcotte Realty & Auction, Inc. v. Schumacher,* 229 Kan. 252, Syl. ¶ 2, 624 P.2d 420 (1981).

After careful review of the record and consideration of the

general rules as outlined above, we find that the City could not be considered to have properly paid out the money attached by the garnishment order. A minimal investigation would have uncovered the fact that the City's contract was with Wayne Lewis. The City clearly had reason to know that funds in its hands belonged to Lewis.

This conclusion, however, does not resolve the present appeal. The City contends that plaintiff's reply controverting the City's answer was not filed in a timely manner, and therefore the allegations of the answer are deemed to be confessed pursuant to K.S.A. 1981 Supp. 60-718(c), which provides in part:

"(c) The clerk shall cause a copy of the answer to be mailed promptly to the plaintiff and the defendant. Within twenty (20) days after the filing of the answer the plaintiff or the defendant or both of them may reply thereto controverting any statement in the answer. . . . If the garnishee answers as required herein and no reply thereto is filed, the allegations of the answer are deemed to be confessed. If a reply is filed as herein provided, the court shall try the issues joined . . . ."

The trial court gave its authorization for plaintiff's reply to be filed out of time.

K.S.A. 60-206(b) concerns enlargement of times and provides in part:

"When by this chapter or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the judge for cause shown may at any time in the judge's discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . ."

The record does not indicate whether an oral or written motion was made to the trial court for enlargement of time within which to file a reply and further the record does not indicate whether the court found excusable neglect, as is required by the statute. Under the facts of this case it was improper for the trial court to enlarge the time within which plaintiff could file its reply to the answer to the first garnishment. The answer was filed by the City on February 26, 1981, and plaintiff's reply was not filed until May 21, 1981.

In *Phelps v. Schmuck,* 151 Kan. 521, Syl. ¶ 2, 100 P.2d 67 (1940), under a similar garnishment provision, the court held:

"Where garnishment proceedings are properly instituted in the district court

and the garnishee then files his answer denying liability, and within twenty days thereafter the plaintiff does not serve upon the garnishee a notice in writing that he elects to take issue upon the answer of the garnishee, the answer is conclusive of the facts therein stated, and such facts stand as true."

We find the rule stated above in *Phelps* to be applicable to the present case. The garnishment proceedings were properly commenced, a garnishment order was issued, the garnishee answered denying liability, and the twenty-day period within which plaintiff could contest the garnishee's answer passed without comment by the plaintiff. In accordance with K.S.A. 1981 Supp. 60-718(*c*), the answer is therefore conclusive and plaintiff may not at a later date file a belated reply, unless the provisions of K.S.A. 60-206(*b*) are met. The passing of the twenty-day period in the present case therefore precludes plaintiff from testing the sufficiency of the City's answer.

The net result of our decision is the same as that of the trial court. The judgment of a trial court, if correct, is to be upheld, even though the court may have relied upon a wrong ground or assigned an erroneous reason for its decision. *Farmers State Bank v. Cooper,* 227 Kan. 547, Syl. ¶ 10, 608 P.2d 929 (1980); *Carson v. Chevron Chemical Co.,* 6 Kan. App. 2d 776, Syl. ¶ 5, 635 P.2d 1248 (1981).

Affirmed.