**James R. GUESS, Plaintiff,**

v.

**James F. CHENAULT; Spector Freight Lines; and Transport Insurance Company of Des Moines, Iowa, as the Real Party in Interest on Behalf of Spector Freight Lines, Defendants.**

Civ. No. H 81–300.

United States District Court,
N.D. Indiana,
Hammond Division.

Dec. 30, 1985.

Albert C. Hand & Michael L. Muenich, Highland, Ind., for plaintiff.

Allen B. Zaremba, Merrillville, Ind., for defendants.

ANDREW P. RODOVICH, United States Magistrate.

### ORDER

On June 10, 1981, the plaintiff, James R. Guess, filed a complaint against the defendants, James F. Chenault and Spector Freight Lines, seeking compensation for personal injuries received in an automobile accident which occurred October 24, 1979. Pursuant to 28 U.S.C. § 636(c)(1), all of the original parties to the lawsuit consented to have the case tried by the United States Magistrate. On October 25, 1981, the district court entered an Order of Reference assigning this case to the magistrate "for all further proceedings, including trial ..." On October 12, 1984, the plaintiff filed an amended complaint adding Transport Insurance Company of Des Moines, Iowa "as the real party in interest on behalf of Spector Freight Lines." Transport Insurance Company has refused to consent to a trial by the magistrate. Therefore, it must be determined whether this Court may exercise jurisdiction over Transport Insurance Company, a party added after the case was fully consented and assigned to the magistrate.

Additional background information is necessary to explain why this matter was not disposed of in a more timely fashion. On May 24, 1982, Spector Freight Lines filed a Notice of Intention to File Petition for Stay of Litigation Proceedings alleging that Spector Freight Lines had filed a petition in the United States Bankruptcy Court for the Western District of Texas. At the June 4, 1982 pretrial conference, Spector Freight Lines was granted until July 15, 1982 in which to file "any formal request for a stay of these proceedings along with supporting documents." No such motion was filed. On October 5, 1984, the plaintiff filed a Motion to Amend the Complaint to Add Additional Party as an Alternative Real Party in Interest. The plaintiff alleged that although Spector Freight Lines may have been in bankruptcy, Transport Insurance Company had issued an insurance policy which was in effect at the time of the accident and was now the real party in interest. On October 12, 1984, the plaintiff's motion was granted, and the amended complaint was ordered filed. On November 14, 1984, Spector Freight Lines filed a document simply entitled Motion, along with a copy of an order issued on December 15, 1982 from the bankruptcy court. The order of the bankruptcy court stayed all proceedings in this action pursuant to 11 U.S.C. § 362. On February 1, 1985, the parties again appeared for a pretrial conference. The plaintiff was granted 30 days in which to file a motion seeking leave of this Court to proceed against Transport Insurance Company in spite of the pending bankruptcy petition. Spector Freight Lines was "ordered to file evidence of its self insurance within 30 days." Nothing was filed in a timely fashion by the defendant.

On May 29, 1985, this Court issued an Order granting the Motion to Proceed filed by the plaintiff. The Order found that the plaintiff was entitled to proceed against the original defendant, James F. Chenault, and

the Transport Insurance Company, subject to the insurance company's right to file a motion for summary judgment challenging the direct action against it. In effect, the Order of May 29 recognized the validity of the stay order issued by the bankruptcy court protecting Spector Freight Lines, but it found that the defendant Chenault and the defendants' insurance company were not entitled to the benefit of the bankruptcy proceedings. Based upon the current posture of this case, any judgment entered in this court will not affect the assets of Spector Freight Lines currently under the jurisdiction of the bankruptcy court.

This matter currently is set for trial beginning January 16, 1986. It must now be determined whether Transport Insurance Company may be required to be a party defendant in spite of its refusal to consent to the magistrate's jurisdiction, or in the alternative, whether the cases should be severed with the claim against Chenault tried separately.

Pursuant to the Magistrates Act, 28 U.S.C. § 636(c)(1), a United States magistrate has jurisdiction to conduct all proceedings in a civil case upon consent of the parties. That provision provides:

(c) Notwithstanding any provision of law to the contrary—

(1) Upon the consent of the parties, a full-time United States magistrate or a part-time United States magistrate who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.

Rule 73(a) of the Federal Rules of Civil Procedure governs trials by consent and provides in relevant part:

When specially designated to exercise such jurisdiction by local rule or order of the district court and when all parties consent thereto, a magistrate may exercise the authority provided by Title 28, U.S.C. § 636(c) and may conduct any or all proceedings, including a jury or nonjury trial, in a civil case.

The constitutionality of Section 636(c)(1) has been challenged since magistrates are not Article III judges. However, the provisions of the Federal Magistrates Act permitting a magistrate to conduct a civil trial have been upheld as constitutional. *See generally Geras v. Lafayette Display Fixtures, Inc.,* 742 F.2d 1037 (7th Cir.1984); *D.L. Auld Company v. Chroma Graphics Corporation,* 753 F.2d 1029 (Fed.Cir.1985); *Fields v. Washington Metro Area Transit Authority,* 743 F.2d 890 (D.C.Cir.1984); *Lehman Brothers Kuhn Loeb v. Clark Oil and Refining Corporation,* 739 F.2d 1313 (8th Cir.1984) (en banc); *Puryear v. Ede's Limited,* 731 F.2d 1153 (5th Cir.1984); *Goldstein v. Kelleher,* 728 F.2d 32 (1st Cir.1984); *Collins v. Foreman,* 729 F.2d 108 (2nd Cir.1984); *Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc.,* 725 F.2d 537 (9th Cir.1984) (en banc); and *Wharton-Thomas v. United States,* 721 F.2d 922 (3rd Cir.1983).

In the instant case, although the original parties have consented to the magistrate's jurisdiction, Transport Insurance Company has refused to consent. Neither this Court's independent research nor the memoranda submitted by the parties have revealed any case authority interpreting Section 636(c)(1) in this situation. However, in Wright and Miller, 12 *Federal Practice and Procedure,* it is stated:

It seems possible that in some cases, after the original parties have consented that a magistrate should exercise the district court's jurisdiction, an additional party or parties may enter the case and insist on a trial before an Article III judge. The Act and Rule 73(a) make no provision for subsequently added parties, but the legislative history indicates that the voluntary consent of all the parties is required to invoke the jurisdictional provisions of Section 636(c). The effect of subsequently added parties therefore will be a matter to be developed by local rules and practice. These parties should be informed of their right to consent to a

magistrate trial, or to demand that a judge preside over the case, in the same manner that the original parties were so notified. To avoid undue disruption and delay of ongoing proceedings, local rules should impose a time limit on the decision by the newly added parties. The magistrate also should be given the authority to retain jurisdiction of a case despite an added party's objections by severing that party's claims from the ongoing proceeding when the interests of judicial economy and fairness to all the parties require that action.

Wright and Miller, § 3077.2 (1985 Supp. at page 55).

Both Section 636(c)(1) and Rule 73(a) require the "consent of *the* parties" and the "consent of *all* parties" respectively. (Emphasis added) Additionally, there are no local rules in this district which permit a magistrate to take jurisdiction over an additional party defendant who has refused to consent. Since the threshold jurisdictional requirement has not been met with respect to Transport Insurance Company, this Court does not have jurisdiction over that defendant.

Even though Transport Insurance Company has not consented, the plaintiff has alleged that this Court may exercise jurisdiction since it is "the real party in interest." The plaintiff has not submitted any case authority in support of that contention. However, the plaintiff contends that the insurance company has the absolute right to control the defense of this action and must have given its approval before the original defendants, Chenault and Spector Freight Lines, consented to the jurisdiction of the magistrate. Although this may be a logical assumption, the plaintiff has not submitted any supporting evidence. Since a court must proceed with caution when its jurisdiction has been challenged, Transport Insurance Company will not be precluded from asserting its right to a trial before a district court judge.[1]

Finally, this Court must determine whether to retain jurisdiction over the original parties and proceed to trial on January 16 only on the claim of the plaintiff against the defendant Chenault. Rule 42(b) of the Federal Rules of Civil Procedure provides:

The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counter-claims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

The provision for separate trials under Rule 42(b) is intended to further convenience, avoid delay and prejudice, and serve the ends of justice. Wright and Miller, 9 *Federal Practice and Procedure* § 2388 at page 279. The question of whether to order separate trials pursuant to Rule 42(b) is a matter committed totally to the discretion of the trial court. *See generally Davis v. Freels*, 583 F.2d 337, 343 (7th Cir.1978); *Ammesmaki v. Interlake Steamship Company*, 342 F.2d 627, 631 (7th Cir.1965); *State of Illinois v. Borge, Inc.*, 564 F.Supp. 102, 105 (N.D.Ill.1983); and Wright and Miller, *supra*, § 2388 at page 283.

As previously noted, this case was filed June 10, 1981 seeking compensation for personal injuries received in a traffic accident which occurred October 24, 1979. No reason has been advanced why it would be prejudicial or unfair to any party to proceed to trial on the portion of the case involving the two drivers. If the plaintiff recovers a judgment against the defendant

---

1. On September 26, 1985, Transport Insurance Company filed a Motion to Dismiss challenging the plaintiff's right to proceed directly against it. Transport Insurance Company maintains that the plaintiff first must recover a judgment against its insureds and then proceed by way of a garnishment action if it does not admit the existence of insurance coverage and satisfy the judgment. Since this Court does not have jurisdiction over Transport Insurance Company, that issue must be resolved by the district court.

Chenault, it will not affect the bankruptcy proceedings involving Spector Freight Lines. The plaintiff would be free to attempt to collect his judgment either against Chenault individually or against Transport Insurance Company. The insurance company then would have the opportunity to raise any defenses which it may have under the insurance policy. A further delay of this case would be contrary to the interests of justice.

Therefore, this matter will proceed to trial on January 16, 1986, on the claim of the plaintiff, James R. Guess, against the defendant, James F. Chenault. The plaintiff's claims against Transport Insurance Company of Des Moines, Iowa are ORDERED SEVERED since that defendant has not submitted itself to the jurisdiction of the magistrate.