**Joann Kay McCOY, Plaintiff,**

v.

**Randy LAFAUT, Defendant.**

**No. 87–1455–C.**

United States District Court, D. Kansas.

Oct. 26, 1992.

Randall Fisher, Michaud, Hutton & Bradshaw, Wichita, Kan., for plaintiff.

Larry Withers & Alan Pfaff, Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, Kan., for garnishee Automobile Club Ins. Ass'n.

## ORDER

REID, United States Magistrate Judge.

On August 20, 1992, Joann McCoy, the plaintiff, filed a motion pursuant to Fed. R.Civ.P. 60(b) for relief from this court's order of June 22, 1992 (Doc. 101–102). A response was filed on September 18, 1992 (Doc. 108). On October 6, 1992, plaintiff requested an extension of time, until October 22, 1992, to file her reply brief (Doc. 110). That motion is granted. Plaintiff filed her reply brief on October 22, 1992 (Doc. 112). Plaintiff has also requested oral argument on the motion for relief from judgment and the motion for an extension of time to file an appeal (Doc. 114). The request for oral argument will be denied since the court finds that it would not be of assistance in the resolution of these matters.

The first issue which the court will address is the argument of the plaintiff that the order of June 22, 1992 was void because the parties to the garnishment action did not consent to a magistrate judge entering the order. Under 28 U.S.C. § 636(c)(1) and D.Kan.Rule 601(h), a full-time magistrate judge may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case upon the consent of all the parties and when specially designated to exercise such jurisdiction by the district court in which the magistrate judge serves. The local rule goes on to state that "[i]n the course of conducting such proceedings upon consent of the parties, a magistrate judge may hear and determine any and all pretrial and post-trial motions which are filed by the parties, including case dispositive motions. On February 8, 1989, both the plaintiff and the defendant filed consents to proceed before a magistrate judge. The consents stated that they "consent to have a United States Magistrate conduct any and all further proceedings (including the trial) and order the entry of a final judgment." At the bottom of the consent forms is the signature of District Judge Sam Crow assigning the case to Magistrate Judge John Thomas Reid for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) (Doc. 29, 30).

This case, wherein plaintiff sued defendant for injuries received in a motor vehicle accident, was then tried before this magistrate and a verdict was returned by the jury in favor of the plaintiff for $112,000.00. The case was appealed to the 10th Circuit Court of Appeals, and the judgment was affirmed. The matter now before the court stems from a garnishment action initiated in this case against the insurance company of the defendant. Defendant had been insured under an automobile liability insurance policy issued by Automobile Club Insurance Association (incorrectly identified by the plaintiff as Automobile Club of Michigan Insurance Group). That policy had a liability limit of $50,000.00. That amount, plus interest, has already been paid to the plaintiff. Plaintiff seeks the remainder of the judgment from the garnishee based on plaintiff's claim that the garnishee acted negligently and in bad faith when considering offers to compromise the claim against the defendant for an amount within policy limits.

When the garnishment action was brought, the matters were referred to this magistrate for hearing. After the matter had been fully briefed, the court entered its order of June 22, 1992 granting judgment in favor of the garnishee because of the failure of the plaintiff to file a timely reply to the answer of the garnishee (reply filed over 1½ years after garnishee's answer filed). The reply was struck and the alle-

gations of the garnishee's answer were deemed to be confessed. Now for the first time, plaintiff has raised the issue of the authority of the magistrate judge to rule on the garnishment issue.

Plaintiff cites authorities for the general proposition that the consent of the parties is required before a magistrate judge can enter a final judgment. The garnishee relies on the consents to proceed previously filed in this case. Plaintiff argues that those consents are limited to the underlying tort action, and not to the garnishment proceeding. At no time has the garnishee consented to the magistrate judge entering judgment on the garnishment matter.

In the case of *Guess v. Chenault*, 108 F.R.D. 446 (N.D.Ind.1985), the plaintiff and the two defendants had consented to have the case tried to a magistrate judge, and the case was assigned to the magistrate judge for all further proceedings, including trial. Subsequently, an amended complaint was filed adding Transport Insurance Company as a party in the case. Transport had issued an insurance policy which was in effect at the time of the accident. Transport refused to consent to a trial by the magistrate judge. The issue before the court was whether the case could be tried by the magistrate judge since Transport had refused to consent to have the magistrate judge try the case. Magistrate Judge Rodovich held that since the statute (28 U.S.C. § 636(c)(1)) requires the consent of all the parties, the court did not have jurisdiction over Transport. *Id.* at 449.

The court also found one case that has addressed the very issue before this court. In the case of *Parks by and through Parks v. Collins*, 761 F.2d 1101, 1103, 1105 (5th Cir.1985), the action was referred to the magistrate judge by the district court and the parties consented to the designation of the magistrate judge to exercise jurisdiction over the matter. Judgment was entered in favor of the plaintiffs. In an attempt to collect the judgment, plaintiffs filed a suggestion for writ of garnishment with the employer of one of the defendants. The district court entered a default judgment against the employer, but the magistrate judge later entered an order

setting aside the default judgment. Plaintiffs appealed that order.

On review, the court found that the district court had not referred the garnishment action to the magistrate judge, nor had the parties consented to the magistrate judge handling the garnishment action. The parties had apparently assumed that the magistrate's jurisdiction over the original action reached as well to the garnishment action. The court held that the magistrate did not have authority to handle the garnishment action. First, the district court had not referred the matter to the magistrate judge. Second, the parties to the garnishment action had not consented to the magistrate judge handling the garnishment action. *Id.* at 1104–06.

"Notwithstanding the parties' consent to allow the magistrate to try the original action, the parties did not consent to such jurisdiction in the garnishment action ... we will not assume that consent to trial of the original action by the magistrate constitutes a similar consent with respect to the garnishment action; nor will such consent be inferred by virtue of the fact that the Rule 60(b) motion was noticed before the magistrate and was heard by the magistrate with no objections." *Id.* at 1106.

Therefore, the magistrate judge lacked authority to enter the order setting aside the default judgment.

Based on the statute and the case law cited above, the court finds that in the absence of a consent to proceed from the garnishee, the court lacks jurisdiction to entertain the garnishment action. Furthermore, even though the original consents to proceed refer to "all further proceedings in the case," the case of *Parks by and through Parks v. Collins* raises serious questions about whether such consents are applicable to a subsequent garnishment action. Therefore, the court will vacate its order of June 22, 1992, and assign the garnishment action to the district court for further proceedings.

IT IS THEREFORE ORDERED that the judgment of June 22, 1992 is vacated for the reasons set forth above.

IT IS FURTHER ORDERED that the case shall be reassigned by the clerk to a district court judge in Wichita, Kansas.

Also before the court is plaintiff's motion for an extension of time to file their notice of appeal, filed August 18, 1992 (Doc. 99–100). On September 2, 1992, plaintiff filed a motion to stay determination of the motion for extension of time to file the notice of appeal until the motion for relief from judgment is ruled on (Doc. 105). In light of the order of the court, these motions are found to be moot.

IT IS THEREFORE ORDERED that the motion for an extension of time to file the notice of appeal and the motion to stay determination of the motion for an extension of time to file the appeal are moot.

Copies of this order shall be mailed to counsel of record for the parties.