**Joann Kay McCOY, Plaintiff,**

v.

**Randy LAFAUT, Defendant.**

**Automobile Club of Michigan Insurance Group, Garnishee.**

**Civ. A. No. 87–1455–MLB.**

United States District Court, D.Kansas.

Feb. 12, 1993.

Donald A. McKinney, Michaud, Hutton & Bradshaw, Wichita, KS, for plaintiff.

Gaye B. Tibbets, Foulston, Siefkin, Powers & Eberhardt, Wichita, KS, for defendant.

Larry A. Withers, Don D. Gribble, Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, KS, for garnishee.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This matter is before the court on the motion of plaintiff for judgment against garnishee (Doc. 117), and the objections of garnishee to the magistrate's order (Doc. 118).

## I. BACKGROUND

This garnishment proceeding follows a trial that resulted in a judgment of $112,000 in favor of plaintiff. Judgment was affirmed on appeal to the Tenth Circuit. The judgment was satisfied in part when garnishee paid to plaintiff the insurance proceeds from a $50,000 insurance policy issued by garnishee to defendant. Plaintiff seeks to recover from garnishee the remainder of her judgment on the grounds that garnishee acted negligently and in bad faith toward its insured by failing to settle plaintiff's claim against the defendant-insured. *See Gilley v. Farmer*, 207 Kan. 536, 544, 485 P.2d 1284 (1971) (garnishment action is the proper procedure for determining the garnishee-insurer's bad faith, and the plaintiff-creditor stands in the shoes of the defendant-debtor).

By the express consent of the parties, and pursuant to 28 U.S.C. § 636(c), the magistrate presided over the underlying trial. Following the trial, the magistrate also conducted the garnishment proceedings. On June 22, 1992, the magistrate granted garnishee's motion to strike plaintiff's reply and garnishee's motion for

judgment on the pleadings. Accordingly, the magistrate entered judgment in favor of garnishee. (Doc. 98). Thereafter, plaintiff moved for relief from judgment, arguing for the first time that the magistrate lacked jurisdiction over the garnishment proceeding. The magistrate agreed and on October 26, 1992 vacated his order of June 22, 1992. *See* 144 F.R.D. 123 (D.Kan.1992).

## II. OBJECTIONS TO MAGISTRATE'S ORDER (DOC. 118)

Garnishee challenges the magistrate's October 26 order vacating judgment—apparently on three grounds.

■ First, garnishee argues that the magistrate found a lack of jurisdiction based only upon *garnishee's* failure [1] to give § 636(c) consent to the magistrate's jurisdiction over the garnishment action, and thus, plaintiff had no standing to object to the magistrate's jurisdiction. This argument, unsupported by any authority, is meritless. Even assuming that plaintiff had no "standing" to object to the magistrate's jurisdiction, the magistrate has both the authority and *duty* to determine his jurisdiction *sua sponte* "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter,...." Fed.R.Civ.P. 12(h)(3). *See also Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir.1988), *cert. denied*, 489 U.S. 1080, 109 S.Ct. 1534, 103 L.Ed.2d 839 (1989).

■ Second, and relatedly, garnishee appears to assert that plaintiff is estopped from objecting to the magistrate's jurisdiction. This argument also finds no support in the law. Consent to a magistrate's jurisdiction under § 636(c) "must be explicit and cannot be inferred from the conduct of the parties." *Clark v. Poulton*, 914 F.2d 1426, 1431 (10th Cir.1990). Unless plaintiff expressly consented to jurisdiction over the garnishment proceeding, the conduct of neither party can provide an estoppel defense to jurisdiction that was never bestowed on the magistrate.

■ Finally, garnishee contends that the magistrate erred in his legal conclusion. Garnishee argues, again with no cite to authority, that § 636(c) consent to a trial before the magistrate also confers magistrate jurisdiction over a garnishment proceeding in aid of execution of the judgment. The magistrate found otherwise, relying on *Parks v. Collins*, 761 F.2d 1101 (5th Cir.1985) and *Guess v. Chenault*, 108 F.R.D. 446 (N.D.Ind.1985).

In *Parks*, the parties consented to trial of the issues to a magistrate. Plaintiffs received a favorable verdict, and the magistrate entered judgment accordingly. Plaintiffs then filed a writ of garnishment, and, when no answer from defendant was forthcoming, the district court entered default judgment against defendant on the writ of garnishment. Thereafter, defendant filed a motion to set aside default, which for some reason was noticed before the magistrate who had presided over the underlying trial. The magistrate granted the motion, setting aside the default judgment that the district court had entered. The court of appeals vacated the magistrate's order, however: "Notwithstanding the parties' consent to allow the magistrate to try the original action, the parties did not consent to such jurisdiction in the garnishment action." *Parks*, 761 F.2d at 1106. Because the magistrate had received no clear and unambiguous consent to preside over the garnishment action, the court held that the magistrate had exceeded his statutory authority under 28 U.S.C. § 636.

The court agrees with the magistrate and with his reliance on the rationale of *Parks*. When the magistrate assumed jurisdiction over the trial of the underlying action, his authority did not extend beyond that action. This limitation is reflected in the language of 28 U.S.C. § 636(c)(1), which allows the magistrate to "conduct any or all proceedings in a jury or nonjury civil

---

1. Although the magistrate referred only to garnishee's lack of consent, the record indicates that neither party consented to the magistrate's jurisdiction over the garnishment action.

matter *and order the entry of judgment in the case,* . . . ." (emphasis added). Once the magistrate had entered judgment in the matter, however, his special designation was at an end. The court need not decide what, if any, authority might remain to the magistrate after judgment is entered as part of the court's continuing ancillary jurisdiction. *See generally Foster v. Board of Trustees,* 771 F.Supp. 1118 (D.Kan.1991). The court only rules that the authority under § 636(c) to preside over the original action does not extend to a garnishment action arising out of that action, absent consent of the parties.

This is particularly true for a garnishment action of the type presented by this case. Plaintiff alleges that garnishee-insurer exercised bad faith or negligence in failing to settle plaintiff's claim against defendant-insured. On this ground, plaintiff seeks to recover from garnishee the full amount of her judgment—notwithstanding the limits of the policy issued by garnishee to defendant. Although Kansas allows a successful plaintiff to raise such a claim in a garnishment action, *see Bergeson v. Dilworth,* 749 F.Supp. 1555, 1558 (D.Kan.1990), a "bad faith" claim against an insurance company presents an entirely new action that is separate from the issues tried in the original action.

The court finds that the magistrate correctly determined that he lacked jurisdiction over the garnishment proceeding. Because the court has concluded that the magistrate lacked such jurisdiction, the court will proceed to rule on the dispositive motions in the garnishment action.

2. Garnishee represents its correct name to be "Automobile Club Insurance Association."

3. The term "Forty (40)" days is filled in with an ink pen and appears to be the hand writing of the Deputy Clerk who signed the Order of Garnishment.

4. In its answer, garnishee admits to receiving the Order of Garnishment on March 13, 1990. (Doc. 82, at ¶ 1). The fortieth day following that date is April 22, 1990.

5. In his order of June 22, 1992, the magistrate granted garnishee's motion for judgment on the

## III. GARNISHMENT MOTIONS (DOC. 94)

Kansas procedural law governs the execution of judgment in this garnishment action. *See* Fed.R.Civ.P. 69.

On February 15, 1990 plaintiff filed a "Request for Garnishment" that listed "Automobile Club of Michigan Ins. Group" [2] as the garnishee. (Doc. 74). Attached to the Request for Garnishment was a "Praecipe for Non–Wage Garnishment." The Praecipe requested that the Clerk of the Court "direct this garnishment to the sheriff or process server of Shawnee County, Kansas for service upon Fletcher Bell, Commissioner of Insurance." The following day, on February 16, 1990, an "Order of Garnishment" issued from this court. (Doc. 75). The order of garnishment was directed to garnishee under the name supplied by plaintiff and ordered garnishee to file an answer within forty days of service of the order upon it.[3]

Garnishee filed its answer on April 23, 1990—forty-one days [4] after it acknowledged receiving service of the order of garnishment. Plaintiff did not file her reply to garnishee's answer until December 6, 1991—over 19 months after garnishee filed its answer. (Doc. 91). Plaintiff filed her reply without seeking leave of the court. On the same day, plaintiff filed a motion to quash garnishee's answer for untimeliness. (Doc. 89). On December 19, 1991 garnishee moved to strike plaintiff's reply and for judgment on the pleadings. (Doc. 94). Plaintiff filed no reply to this motion.[5]

pleadings as an uncontested motion. *See* D.Kan.Rule 206(g). Because of the unique procedural history of this case, however, plaintiff has now had the opportunity to inform the court of the basis for her objections to garnishee's motion. The court will therefore consider this as a contested motion. Nonetheless, the court admonishes plaintiff to file timely responses to *all* motions directed against plaintiff. Neither the court nor opposing counsel is required to canvass the file in order to discover whether a party has raised objections to other motions that bear upon the motion under consideration.

**A.** *Plaintiff's Motion to Quash* (Doc. 89) *and for Judgment Against Garnishee* [6] (Doc. 117)

Plaintiff argues that garnishee was required to file an answer to the order of garnishment within 10 days. Plaintiff relies on K.S.A. § 60–718(a) (Supp.1991), which provides in relevant part: "Within 10 days after service upon a garnishee of an order of garnishment ... the garnishee shall file a verified answer thereto with the clerk of the court, stating the facts with respect to the demands of the order." The statute further provides that "if the garnishee fails to answer within the time and manner herein specified, the court *may* grant judgment against garnishee for the amount of the plaintiff's judgment or claim against the defendant,...." K.S.A. § 60–718(c) (emphasis added).

The court finds no basis for quashing garnishee's answer. The court is not compelled to enter default judgment against a garnishee who files his answer out of the time prescribed by K.S.A. § 60–718(c), and the court should consider whether garnishee's failure is due to excusable neglect. *Boyce v. Boyce*, 206 Kan. 53, 57, 476 P.2d 625 (1970); K.S.A. § 60–206(b). The order of garnishment directs garnishee to file an answer within 40 days—not the 10 days set forth in K.S.A. § 60–718(c). Moreover, it appears that the reason the Clerk supplied the term of 40 days was because *plaintiff* requested service upon the Commissioner of Insurance, in which case a longer period prescribed by K.S.A. § 40–218 is allowed. Quashing garnishee's answer, therefore, would penalize garnishee for plaintiff's error in designating the Commissioner of Insurance as a proper party to be served.[7] Finally, the court finds insignificant the fact that garnishee

filed its answer only one day out of the time set forth in the order of garnishment. The motion to quash will be denied.

**B.** *Garnishee's Motion to Strike Plaintiff's Reply and For Judgment on the Pleadings* (Doc. 94)

Plaintiff's lack of diligence in replying to garnishee's answer is far more problematic. K.S.A. § 60–718(c) (Supp.1991) provides in relevant part:

Within 10 days after the filing of the answer the plaintiff ... may reply thereto controverting any statement in the answer.... If the garnishee answers as required herein and no reply thereto is filed, the allegations of the answer *are deemed to be confessed.*

(emphasis added). Plaintiff filed no reply to garnishee's answer until December 6, 1991—over 19 months after garnishee filed its answer. Thus, unless plaintiff is allowed to file her reply out of time, Kansas law requires the court to accept as true the allegations in garnishee's answer. There is no question but that the court would be compelled to enter judgment in favor of garnishee if the court accepts the allegations of garnishee.

Plaintiff contends that the court should allow her to file her reply out of time because her failure to respond timely was due to her former counsel's gross neglect.

Plaintiff and her husband have filed affidavits in support of plaintiff's claim. (Doc. 112, Exts. A & B). During the trial of the underlying tort action, plaintiff was represented by Donald A. McKinney of the law firm of Turner and Boisseau.[8] McKinney also signed the request for garnishment and order of garnishment filed on February 15 and 16, 1990, respectively. Shortly

---

**6.** Plaintiff raises the same argument in her motion to quash as that raised in her recently filed motion for judgment against garnishee. (Doc. 117). The court therefore considers these motions together.

**7.** Incredibly, plaintiff asserts that garnishee may not claim the benefit of the longer period of K.S.A. § 40–218 because garnishee has failed to demonstrate that it is registered to do business in the state of Kansas. It is plaintiff herself, however, who directed that service be made upon the Commissioner of Insurance, thus lead-

ing both the court and garnishee to believe that garnishee had 40 days to respond.

**8.** It appears that plaintiff's representation by Turner and Boisseau was characterized by a lack of continuity. Plaintiff was first represented by Robert Anderson of that firm, followed by Harry Bleeker, followed by Mr. McKinney, who entered his appearance as plaintiff's counsel only shortly before trial. (Affidavit of Plaintiff, Doc. 112, Ext. A, ¶ 1).

thereafter, McKinney left Turner and Boisseau and the case was assigned to Harry Bleeker. Plaintiff and her husband aver that they tried to contact Bleeker several times over the next several months; that they usually could talk only to a paralegal who could not tell them what was going on; that when they did talk to Bleeker, he was rude and would tell them he had no news for them; and that they finally retained new counsel after plaintiff and her husband decided that Turner and Boisseau did not have plaintiff's best interests in mind. Garnishee has presented no evidence to controvert the averments contained in these affidavits.

Kansas law provides, with certain exceptions, for the enlargement of time prescribed under its procedural rules "where the failure to act was the result of excusable neglect; ...." K.S.A. § 60–206(b). Pursuant to this statute, a court may allow an untimely reply to the garnishee's answer upon a showing of excusable neglect. *Kansas Sand & Concrete, Inc. v. Lewis*, 8 Kan.App.2d 91, 97, 650 P.2d 718 (no showing of excusable neglect), *review denied*, 232 Kan. 876 (1982). "The obvious purpose of the enlargement of time statute is to allow a trial court some discretion in order to prevent a miscarriage of justice which might occur if blind adherence to set time periods were otherwise required." *Boyce*, 206 Kan. at 55, 476 P.2d 625. The Kansas Supreme Court ascribes no precise definition to the term "excusable neglect" as used in the statute, and requires a case-by-case analysis. *Bank of Whitewater v. Decker Investments, Inc.*, 238 Kan. 308, 315, 710 P.2d 1258 (1985). "The trial court should consider the circumstances under which the neglect to act occurred as well as the effect of an enlargement upon the rights of all parties affected thereby." *Boyce*, 206 Kan. at 56, 476 P.2d 625.

There is no excuse offered for the failure of plaintiff's counsel at Turner and Boisseau to file a timely reply. Indeed, the conduct of plaintiff's former counsel appears patently inexcusable. Thus, if the court is to find excusable neglect for the failure to file a reply, it must find that plaintiff is to be excused for her former counsel's conduct.

Although not directly controlling this court's application of K.S.A. §. 60–206(b), the court finds guidance in numerous federal cases that have considered whether counsel's inexcusable neglect can nonetheless furnish the client's "excusable neglect" necessary to set aside a judgment pursuant to Fed.R.Civ.P. 60(b)(1). This circuit has taken the general position that "[c]arelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). *Accord In re Pyramid Energy, Ltd.*, 869 F.2d 1058, 1062 (7th Cir.1989); *Reno v. International Harvester Co.*, 115 F.R.D. 6 (S.D.Ohio 1986) (attorney's neglect cannot be excusable neglect, but may provide basis for relief under Rule 60(b)(6); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 & n. 10, 82 S.Ct. 1386, 1390 & n. 10, 8 L.Ed.2d 734 (1962) (plurality opinion; client bound by attorney's failure to prosecute. At the same time, the Tenth Circuit has left open the possibility that a client might demonstrate excusable neglect if she were "wholly innocent in the matter of failing to respond...." *Marino*, 893 F.2d at 1146. *See also Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir.1988) (distinguishing between fault of attorney and client); *In re Magouirk*, 693 F.2d 948, 951 (9th Cir.1982) (proper to consider whether client should be penalized for attorney neglect); *Morgan v. Hatch*, 118 F.R.D. 6, 9 (D.Me.1987)

Notwithstanding the gross neglect of plaintiff's former counsel at Turner and Boisseau, the court finds that plaintiff should be allowed to file her reply out of time pursuant to K.S.A. § 60–206(b). Plaintiff was not merely the recipient of an isolated incident of negligent representation, which normally binds the client. *See Meyer v. Meyer*, 209 Kan. 31, 39, 495 P.2d 942 (1972) ("parties are bound by admissions, appearances, and actions of their counsel acting on their behalf"). To the contrary, the uncontested evidence in the

**1514**

record indicates that after Mr. McKinney's departure, plaintiff was completely abandoned by the firm. Moreover, plaintiff did not merely sit idly during this time, but repeatedly contacted her nominal counsel, whose representations led plaintiff to believe no further action on her part was either necessary or appropriate. *See Jackson v. Washington Monthly Co.*, 569 F.2d 119 (D.C.Cir.1977) (client who is misled by counsel to believe that litigation is continuing smoothly may furnish a basis for relief under Rule 60(b)(6)). Thus, not only was plaintiff "wholly innocent," but plaintiff did all that can reasonably be expected of a client who is relying on the misleading assurances of a law firm that has lost all interest in the client's case. Finally, garnishee has made no showing of prejudice that might result if the court allows plaintiff to file her reply out of time.

Pursuant to K.S.A. § 60–206(b), therefore, the court will enlarge the time for plaintiff to file her reply to garnishee's answer. Because plaintiff denies the allegations contained in garnishee's answer, the court is unable to grant garnishee's motion for judgment on the pleadings.

Accordingly, the court overrules garnishee's objections (Doc. 118) to the magistrate's order of October 26, 1992. The court further denies plaintiff's motion to quash (Doc. 89); denies plaintiff's motion for judgment against garnishee (Doc. 117); and denies garnishee's motion to strike and for judgment on the pleadings. (Doc. 94).

IT IS SO ORDERED.